Don Eldon **VANNERSON**, Petitioner,

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

No. CA-5-499.

United States District Court
N. D. Texas,
Lubbock Division.

Nov. 22, 1968.

Don Eldon Vannerson, pro se.

Allo B. Crow, Asst. Atty. Gen. of Texas, Austin, Tex., for respondent.

## ORDER

WOODWARD, District Judge.

Petitioner, Don Eldon Vannerson, filed his petition for writ of habeas corpus in this court on July 12, 1968. Show cause was issued and respondent's answer was filed August 5, 1968. Petitioner in response filed pleadings traversing respondent's answer.

Petitioner is in custody of the Texas Department of Corrections pursuant to judgments and sentences of the 47th District Court of Potter County, Texas, for two separate felony offenses. In Cause No. 12,790 petitioner was convicted by a jury of forgery of a credit card; in Cause No. 12,834 petitioner was convicted by a jury of forgery of a credit card, forgery and passing a forged instrument. As a result of these convictions, petitioner was given two indeterminate sentences to run consecutively: one for not less than two or more than five years, the other for not less than two or more than six years.

Petitioner alleges the following grounds for relief in his petition for writ of habeas corpus:

(1) That he was illegally arrested for a traffic violation and that later his car in police custody was illegally searched and the credit cards obtained as a result of the search were used as evidence against him.

(2) That the state used false testimony to help convict him and suppressed evidence beneficial to his defense.

(3) That his attorney was incompetent because he failed to object to or impeach the false testimony of the State's witness.

This court has reviewed the statement of facts from Cause No. 12,790, Cause No. 12,834 and from petitioner's evidentiary hearing held by the convicting court on his petition for writ of habeas corpus in Cause No. 13,739. After reviewing the above statements, as well as

the entire record, this court is of the opinion that:

(1) The merits of the factual dispute were resolved in the State court hearing;

(2) The factfinding procedure employed by the State court was adequate to afford a full and fair hearing;

(3) The material facts were adequately developed at the State court hearing;

(4) The State court had jurisdiction of the subject matter and the person of the applicant in the State court proceeding;

(5) The applicant was represented in the State court by adequate and competent court appointed counsel;

(6) The applicant received a full, fair, and adequate hearing in the State court proceeding;

(7) The applicant was in all things afforded due process of law in the State court proceeding;

(8) The factual determination and holding of the State court is fairly supported by the record and the applicable law; and

(9) The petitioner DON ELDON VANNERSON has failed to overcome the presumption that the determination of the Texas Court of Criminal Appeals in Ex parte Don Eldon Vannerson is correct in accordance with Title 28, United States Code, Section 2254(d).

 The evidence from the statement of facts reveals that petitioner was stopped for speeding and following too closely by an officer of the Plainview Police Department. Having discovered stolen license plates in the car, petitioner was arrested. The car was impounded and taken to police headquarters. Later, pursuant to police practice, the impounded car was removed to a storage lot of a local service station for safekeeping. On bringing the car to the storage lot, the owner of the station, Cleo Barley, and his son, Melvin, proceeded to roll up the windows in order to protect the car from rain. As the windows were being raised, two credit cards fell out of the door panels. The police were immediately notified and came directly to inspect the car. The door panel was examined, and on observing more credit cards inside, the side door panel was removed. Petitioner was not arrested for any criminal act in relation to these credit cards nor was the search incident to the arrest, but at the same time it is apparent that the police had reasonable cause to search the car door once they discovered the first two credit cards. The fact that the car was already lawfully in custody would not per se require a search warrant. The relevant test is not whether it is unreasonable to procure a search warrant, but whether the search was reasonable. United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430, 94 L.Ed. 653 (1949).

The Supreme Court in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1963), dealt with a situation similar to the one involved here. In that case police arrested three men for vagrancy, searched them, and took them to police headquarters. The car which had not been searched was impounded and when searched at a later time, incriminating evidence was found. The court held that such a search was too remote in time and place to have been made incidental to an arrest and, therefore, failed to meet the Fourth Amendment test of reasonableness. In petitioner's case, however, the police impounded the car after the arrest as a matter of course. They had no intention to search it further until the credit cards were inadvertently discovered.

 This court is of the opinion that this case should be controlled by Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1967). Just as in *Harris*, the car was in lawful custody of the police who were responsible for its protection; further, while engaged in performance of their duty to protect the car, they came across incriminating evi-

dence. The first two credit cards were plainly visible, having fallen from the door panel as the window was rolled up. As to the other cards lodged in the door, though they were not visible without a flashlight search of the door panel, the police after discovering the two prior cards, had reasonable cause to continue their search with greater care. Though there is no doubt that the police had time to procure a search warrant in order to retrieve the credit cards stuck in the door, and that such course of action would have been the safest, still this court is of the opinion that the search was reasonable under the circumstances since the cards were plainly visible, and there was reasonable cause to believe that these cards also belonged to persons other than petitioner.

It appearing that the merits of petitioner's claims were given fair and adequate hearing in state court and that such findings of fact and conclusions of law are supported by evidence, it is, therefore

ORDERED, ADJUDGED, and DECREED that petitioner's writ of habeas corpus is denied.

This is a final order.