■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAULLE EDWARD GRANESE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 6, 1967, convicting him of attempted grand larceny in the second degree, upon a guilty plea, and imposing sentence. The appeal has brought up for review said court's denial, on June 16, 1966, of defendant's motion to suppress certain evidence. Judgment reversed, on the law and the facts, and indictment dismissed. In our opinion, the search of appellant's car following his arrest on charges of being an unlicensed operator and driving an uninspected and unregistered vehicle, with improper license plates, was unreasonable and unauthorized (cf. *Dyke* v. *Taylor Implement Co.,* 391 U. S. 216, 220; *People* v. *Preston,* 376 U. S. 364; *People* v. *Marsh,* 20 N Y 2d 98, 102–103; *People* v. *Sullivan,* 57 Misc 2d 208, 211). *Harris* v. *United States* (390 U. S. 234) is not in point. In *Harris,* the admissibility of evidence found as a result of a search pursuant to police regulations was not involved. The discovery of the incriminating card was not the result of a search of the car but of a measure taken to protect the car from the elements while it was in police custody. Once the car door had lawfully been opened, the incriminating evidence was in plain view and the officer had a right to seize it. In the instant case, however, there is no dispute that the incriminating evidence was secreted under a seat in the car and was found as the result of a thorough search. Since appellant has completed his sentence, the indictment should be dismissed (*People* v. *Kvalheim,* 17 N Y 2d 510, 511). Christ, Acting P. J., Brennan, Hopkins and Martuscello, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: I agree that the seizure of the paper bag containing jewelry and foreign currency, which defendant was later charged with having stolen, cannot be sustained on the theory that the search was incidental to a contemporaneous arrest. The circumstances, however, present the question left open in *Harris* v. *United States* (390 U. S. 234), that is, the admissibility of evidence found as a result of a search under a police regulation to voucher and secure an impounded automobile. Defendant's arrest was for failing to produce an operator's license or a valid automobile registration and for driving with improper plates as well as driving an uninspected vehicle. After the car was driven to the police station by an officer and the defendant had been booked, the officers, without a warrant, searched the automobile to voucher its contents. On the rear floor was the paper bag which was partially obscured by the rear seat that had been pulled forward from its proper place. When the bag was opened it was found to contain the loot of a burglary. The officers testified that the vouchering of property is to safeguard the car and the property in it for a person placed under arrest. Section 54.0 of chapter 24 of the Rules and Procedures of the Police Department of the City of New

York is cited as the authority for the search. It reads "Property held in custody. When a member of the force obtains lost, stolen or abandoned property or property required as evidence or taken from a prisoner or from an insane, intoxicated or incapacitated person, etc., he shall deliver it to the desk officer of the precinct in which he obtained it, unless otherwise specified." I agree with the majority that *Harris (supra)* is not precisely in point. But *Harris* used the police regulation to justify the opening of the car door. In that case the registration card fortuitously was in open view on the floor. To the extent that in our case the paper bag was partially visible under the dislodged car seat after the door was opened, we have somewhat the same situation as in *Harris.* Here we have the further complication of the closed paper bag. In my view, if the police regulation justified the opening of the car door, and it also required an inventory of the contents, then the police regulation should also justify the opening of the bag. If contraband or proof of crime is thus discovered it should be subject to seizure and to use as evidence on a trial. Of course, *Preston* v. *United States* (376 U. S. 364) holds that a car search, made without a warrant after the occupant has been arrested and detained and the car removed to a police garage, is unreasonable in time and place and therefore illegal and that the fruits of such search are inadmissible. In *Preston,* however, there was absent the requirement of a police regulation. In *Harris* it was the police regulation which opened the door and led to the discovery of the card. I would, therefore, affirm the result in this case, but upon the view that the Fourth Amendment does not require a search warrant to carry out the direction of a police regulation to voucher the contents of an impounded car.