Irving Younger, J.
Until recently, Judges and lawyers trying criminal cases had been uncertain as to the precise limits on a policeman’s right to search a defendant’s automobile. This was understandable, since adjudication necessarily proceeds on a case-by-case basis, and no one opinion lit up the whole of the *496 matter. Now, however, we have six decisions — three of the United States Supreme Court and three of the New York Court of Appeals — which, read together, should put our doubts to rest.
In Preston v. United States (376 U. S. 364 [1964]) defendants were arrested for vagrancy. Their car was taken to the police station and thence to a garage. Later, officers went to the garage, broke into the trunk, and found evidence which was used to convict defendants of conspiracy to commit bank robbery. The Government argued that the search of the trunk was incidental to the arrest for vagrancy. The Supreme Court held that it was not (376 U. S. at p. 367): “ Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest. ’ ’
In Chambers v. Maroney (399 U. S. 42 [1970]) the police stopped a car in which defendant was riding. They arrested defendant on probable cause and drove the car to the station. There, without a warrant, they searched the car. The Supreme Court held the search to be lawful, not as incidental to the arrest, but because, unlike the search in Preston (supra) it was independently supported by probable cause.
In Cooper v. California (386 U. S. 58 [1967]) defendant was arrested and his car impounded. One week later, officers searched the car and found incriminating evidence in the glove compartment. Under California law, the police had been required to seize defendant’s car, but were not explicitly authorized to search it. The California court, on the strength of Preston (supra) declared the search unlawful. The Supreme Court reversed, holding that, in view of the California statute giving them the right to hold the car, the police had acted reasonably when they searched it.
After Preston, Chambers and Cooper (supra) this would seem to be the position:
The warrantless search of an automobile is lawful when incidental to a defendant’s arrest — that is, when the search is close in time and place to the arrest. A search remote from the time and place of the arrest, however, cannot be incidental to it. This is the point of Preston. But the search may nevertheless be lawful if it is supported by independent probable cause. This is the point of Chambers. Finally, the search may be lawful if it is reasonably related to a duty separately imposed by law to hold the car. This is the point of Cooper, with the further qualification that the relation between the search and the duty to hold the car must be bona fide. If the search is merely a naked attempt to secure evidence against the defendant, or goes beyond what is reasonably necessary to safeguard the car and its *497 contents, it will be unlawful. (Cf. Harris v. United States, 390 U.S. 234 [1968].)
The three Court of Appeals cases in our cycle of six make the pattern unmistakable.
In People v. Lewis (26 N Y 2d 547 [1970]) defendant’s car was searched at a time and place remote from the time and place of the arrest. The Appellate Division had found the search to be incidental to the arrest. The Court of Appeals reversed. This kind of search is unlawful. Preston (supra) so holds.
In People v. Brown (28 N Y 2d 282 [1971]) the police received a report of a robbery committed by use of a car. Defendant and his car matched the information they had been given, and so they arrested defendant, subsequently searched his car, and found incriminating evidence. The Appellate Division had found the search to be supported by probable cause. The Court of Appeals affirmed. This kind of search is, lawful. Chambers (supra) so holds. The car was connected with commission of the crime, and its search was therefore “ justified on probable cause, independently of association with defendant’s arrest. ” (28 N Y 2d at p. 285.)
In People v. Sullivan (29 N Y 2d 69) defendant’s car had been towed from an illegal parking place pursuant to the Vehicle and Traffic Law. At the storage facility, the police set out to comply with departmental regulations requiring the car to be checked for valuable property. They found a briefcase on the back seat, opened it, and discovered a loaded pistol. The Appellate Division had found the search to be illegal because not incidental to an arrest. The Court of Appeals reversed. This kind of search is lawful. Cooper (supra) so holds. By reason of the tow-away statute, the police were required to take possession of the car. The search was reasonably related to that duty, and hence was permissible.
Now for the facts of this case.
While sitting in his car, defendant, was legally arrested on charges other than possession of stolen property. He and his car were taken to the stationhouse, where the car was parked. While defendant was being booked, one of the arresting officers went out to “■ voucher ” the car and its contents. Using the keys which had been left in the ignition, he opened the trunk and there saw several items of stolen office machinery. Defendant moved to suppress the machinery for use in evidence against him on the ground that it was obtained by an illegal search. I denied his motion, whereupon he moved for reargument.
The search of defendant’s car was remote in time and place from the time and place of the arrest, and thus cannot have been *498 incidental to it. On this ground, as Preston and Lewis (supra) tell us, the search would he unlawful.
There was no independent prohable cause for the search. On this ground, as Chambers and Brown (supra) tell us, the search would be unlawful.
The third ground remains. Obviously, the police could not arrest defendant and leave his car unattended on the street. They were obligated by departmental regulation to hold the car and “ voucher ” its contents in order to safeguard them. (Rules and Procedures of the Police Department, ch. 24, § 54.0. See memorandum dissenting opinion in People v. Granese, 32 A D 2d 568 [2d Dept., 1969].) The search of the car was reasonably related to compliance with that regulation. When he opened the trunk, the officer was neither seeking evidence against defendant nor doing more than what is minimally necessary to “ voucher ” the car’s contents. Accordingly, as Cooper and Sullivan (supra) tell us, the search was justified without reference to the arrest or to probable cause. (I should note that this case is a fortiori to Sullivan [supra]. There, the police found a briefcase in the car and opened it. In short, they searched both the car and the briefcase. Here, they merely opened the trunk and saw the stolen property in plain view. In short, they searched only the car.)
I hold the search in this case to have been lawful, and adhere to my original denial of defendant’s motion to suppress.