THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SOCRATES AMANATIDES, Respondent.— Appeal by the People from an order of the County Court, entered in Rensselaer County on December 24, 1971, which granted a motion to suppress certain evidence. On July 13, 1970 several members of the New York State police were conducting a routine highway inspection of passing vehicles. Defendant's vehicle was stopped and defendant voluntarily got out, leaving the door open. One of the police officers entered the vehicle for the purpose of checking the brakes by depressing the brake pedal. While so engaged he observed in plain view a package of cigarettes protruding approximately one inch from behind the sun visor on the driver's side. He testified at a suppression hearing that he could see the twisted end of what appeared to him to be a marijuana cigarette in the package. He further testified that he had received police training in identifying dangerous drugs, including marijuana, and had seen and handled a lot of marijuana. Special Term held the search to be illegal and suppressed the evidence. The validity of this determination is the sole question presented on this appeal. The officer had a clear right to stop the vehicle and check the brakes and other equipment for any violation. (Vehicle and Traffic Law, § 390; see *People* v. *Fidler*, 280 App. Div. 698, 700–701.) To properly check the brakes it was necessary for the officer to enter the vehicle. It was while performing this lawful duty that he fortuitously observed what appeared to him to be a marijuana cigarette. Under these circumstances, he was not conducting an independent search and had the right and duty to seize the evidence and arrest the defendant. (*People* v. *Rowell*, 27 N Y 2d 691.) " It has long been settled that objects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." (*Harris* v. *United States*, 390 U. S. 234, 236.) Special Term, in our opinion, improperly granted the order of suppression. Order reversed, on the law and the facts, and motion denied. Sweeney, Simons and Kane, JJ., concur; Herlihy, P. J., and Staley, Jr., J., dissent and vote to affirm in the following memorandum by Herlihy, P. J. An autombile is in the sole possession of the owner to the same extent as is his home so far as due process is concerned, subject to applicable laws governing each circumstance. It is more than obvious from the present record that the police authorities exceeded their rights in the present instance. There is no manner of testing the brakes of a stopped automobile except as to total inoperativeness and such an excuse to enter defendant's automobile under the present facts is a violation of his constitutional rights. It

does not appear that *People* v. *Fidler* (280 App. Div. 698) necessarily determined the right of police officers to enter a private automobile without the consent of the owner for an equipment inspection. We are not here concerned with the stopping of the automobile or the determination to conduct an equipment check including the production of the driver's license and the vehicle registration. The issue is solely the naked right to enter a private automobile without even a minimal showing that such was necessary to appropriately determine the adequacy of the vehicle's equipment in the context of the present alleged facts. In *People* v. *Rowell* (27 N Y 2d 691, 692) the police officer observed through an open door "a quantity of glassine envelopes on the floor under the passenger seat". In the present case, as in *People* v. *Scalegnio* (14 N Y 2d 744), it seems readily apparent that by observing a cigarette container above the sun visor of the defendant's automobile, the police officer had no basis for assuming it to be contraband and the search conducted without a warrant was accordingly unlawful. The distinction between the two cases is a valid one as the rights of automobile owners are to be guarded and protected. The same general principles that are applicable to a search of one's home should govern the present situation. It should be noted that because of the view which the trial court took of the law as applicable to the facts *as testified to by the policeman,* it quite clearly made no findings upon credibility and accordingly, the reversal by this court upon the law should direct a remittal to the trial court for a determination of the issues of credibility and any other factual issues which may be outstanding and material to the validity of the search and seizure. The order should be affirmed.