Robert M. Haft, J.
Defendant moves to suppress evidence of an imitation pistol which was discovered in his automobile following his arrest for the offense of driving while intoxicated.
At the evidentiary hearing on defendant’s motion to suppress, the proof established that the arresting officer, after observing defendant’s erratic driving on New York City streets at 1:15 a.m., stopped him, questioned him, readily perceived his inebriety and thereupon arrested him for driving while intoxicated.
After the arrest, the officer took possession of defendant’s automobile keys for the purpose of locking the automobile and parking it on the street since the New York City Police Department, having taken custody of so many automobiles, had no place to garage or voucher them as evidence. The officer testified that it was his general practice to search automobiles for contraband before securing them. His search here revealed an imitation pistol concealed under the driver’s seat. Upon finding the gun, he did not search the remainder of the car, nor did he inventory or remove any of its contents.
Defendant claims that the search of his automobile was an unconstitutional intrusion since there was neither probable cause for the search'nor was it “ incident to a lawful arrest. ” The *308 People concede that there was no independent probable cause to search defendant’s car and further, that it was not “ incident ” to the arrest since in this case there was no reason to search for any fruits or instrumentalities of the crime with which the defendant was charged (see, e.g., People v. Lewis, 26 N Y 2d 547 [1970]; People v. Marsh, 20 N Y 2d 98 [1967]). The People do contend, however, that the search was otherwise reasonable under Fourth Amendment standards, relying principally on the holdings of the United States Supreme Court in Harris v. United States (390 U. S. 234 [1968]) and our Court of Appeals in People v. Sullivan (29 N Y 2d 69 [1971]).
In the Harris case, after defendant’s arrest for robbery, his car, which had been observed earlier at the scene of the crime, was impounded as evidence and removed by the police to a parking lot. During the process of securing the automobile by rolling up its windows and locking its doors, a police officer without undertaking a search noticed in the car in open view a certain registration card connected with the complainant; he thereupon seized the card as evidence. The Supreme Court found that the officer had acted reasonably in entering the automobile for the purpose of securing it — once lawfully inside the ear, he was entitled to seize evidence which was “ in plain view.” But the Harris case is readily distinguished from the instant case where, admittedly, there was a search conducted and concealed evidence discovered. (See, also, People v. Amanatides, 39 A D 2d 1010 [3d Dept. 1972].)
In People v. Sullivan {supra) defendant’s automobile was towed by the police from the place it was illegally parked to a police department storage facility where it was inventoried for valuable property pursuant to a police regulation. A briefcase was found containing a loaded pistol which the defendant moved to suppress. The court took pains to distinguish an “ inventory search ” from a search for evidence of a criminal offense, placing substantial emphasis on the motivation of the searcher. In Sullivan {supra, p. 71) the search was upheld on the ground that: “ the police [were] not seeking evidence of crime but [were] pursuing precautions which any bailees of personal property would be expected to take as a matter of reasonable care for the benefit of the absent owner of the vehicle and as a safeguard against claims of loss or damage which could be alleged against the city ”.
In the case before this court, the officer intended to and did engage specifically in a search for contraband, precisely the situation interdicted by the Court of Appeals in Sullivan, *309 Clearly, then, the search of defendant’s automobile in this case was an unreasonable one. Although the police may have had the right to both inventory and secure defendant’s vehicle, they had no right to conduct a general exploratory search for evidence. The property thereby uncovered must, accordingly, be suppressed from use in evidence.