508 P.2d 1178

The STATE of Utah, Plaintiff and Respondent,

v.

Eugene MYERS, Defendant and Appellant.

No. 12733.

Supreme Court of Utah.

April 13, 1973.

John W. Kunkler of Salt Lake Legal Defender Assn., Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a Juvenile Court conviction of contributing to the delinquency of a minor. Affirmed.

At the behest of a mother, whose 12-year-old daughter had run away, police officers accompanied her to a local motel in mid-afternoon, where, after knocking on a door, they freely were admitted, finding defendant in the company of the daughter, and finding a bag of marijuana visible on a nightstand. Counsel was appointed who represented Myers at the preliminary hearing and during the first day of the trial, but where, on the second day, counsel did not show. The reason for such failure very well could be that Myers, out on bail, did not show up at the trial at all. Myers was convicted in absentia.

 Myers says 1) there was an unlawful search and seizure of evidence, inadmissible at the trial,—which we think to be without merit; [1] 2) that trial in absentia violated his rights with which contention we disagree, where one voluntarily absents

1. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) and cases cited therein.

himself;[2] and 3) that he was not represented by counsel at part of his trial,—which right he probably did not have at time of trial under the circumstances, and had such right existed, hardly could he assert it when he not only flouted the authority of the court by his absence, but that of his bondsman and counsel,—which Mr. Myers, counsel in his own right, realistically cannot press as a point of prejudice here without succumbing to a charge of unassertable invited error.

CALLISTER, C. J., and ELLETT, CROCKETT, and TUCKETT, JJ., concur.

2. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1911) ; State v. Aikers, 87 Utah 507, 51 P.2d 1052 (1935), where this court said that one out on bail has a duty as well as a right to appear, and if he doesn't he waives it.