THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL A. ROMAN, JR., and WILLIAM R. BOYD, Appellants.— Appeals by defendants from two judgments of the County Court, Rockland County, one rendered June 8, 1971 as to defendant Boyd and the other rendered January 25, 1973 (on resentence) as to defendant Roman, convicting them of the crime of promoting gambling in the first degree, upon their pleas of guilty, and imposing sentence. The appeals bring up for review an order of the same court, entered April 19, 1971, denying defendants' motion to suppress certain evidence. Judgments and order affirmed. No opinion. Latham, Christ and Munder, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the judgments and the order and to grant the motion to suppress, with the following memorandum: Upon the hearing of defendants' motion to suppress money and policy slips seized in the possession of defendant Roman, it was proved that on September 18, 1970, at about 2:30 P.M., two police officers observed four men approach defendant Boyd's automobile and give him money and paper slips. At about 3:45 P.M. the police officers observed defendant Roman drive his car to a point across the way from a bar which Boyd had entered. Roman and Boyd were known gamblers. Roman waved his hand and Boyd left the bar, opened the trunk of his own car, took a small paper bag from the trunk and, going to Roman's car, placed the bag in it. Prior to Roman's arrival, the police officers had not observed that Boyd had gone to his car trunk. When Roman drove away, the officers pursued and caused him to stop, intending to arrest him if the paper bag contained contraband. The officers later found that it contained only money. Roman, however, was arrested after one of the police officers looked into Roman's car and saw policy slips sticking out of one of three paper bags on the front seat. Boyd was thereafter arrested. In my opinion, defendants' motion should have been granted. The facts upon which the police officers acted were that Roman and Boyd were known gamblers and that Boyd had received money and paper slips from unknown persons and later took a paper bag from his car trunk and placed it in Roman's car. The officers, however, knew that the paper slips and money received that day by Boyd were not contained in the paper bag placed by him in Roman's car. Hence, probable cause to believe that Roman was in posssssion of gambling contraband did not exist, unless the reputations of Boyd and Roman as gamblers so colored an otherwise wholly innocent looking transaction that the gambling backgrounds of both men infused the transaction with criminality. Though those reputations might have aroused suspicion in the mind of an onlooking police officer, they were an insufficient basis, in the absence of other behavior by Roman and Boyd, for cause to believe that Roman and Boyd were engaged

in the commission of crime (*People* v. *Brown*, 24 N Y 2d 421, 423–424). The seizure would have been lawful if, in the exercise of a right to stop Roman's car, the officers saw the contraband in plain view. However, no pretense was made by the People that the stopping of Roman's car was in the exercise of any lawful right (cf. *People* v. *Rowell*, 27 N Y 2d 691; *People* v. *Amanatides*, 39 A D 2d 1010; *People* v. *Scianno*, 20 A D 2d 919). The evidence affirmatively shows that the officers pursued Roman in order to arrest him if, upon examination by them, the paper bag from Boyd's trunk contained contraband. Thus, Roman's car was stopped by the police acting other than in the exercise of legal right, for prior to causing Roman to pull over there was no probable cause to arrest him or to believe that his car contained contraband (*Chambers* v. *Maroney*, 399 U. S. 42; *Carroll* v. *United States*, 267 U. S. 132). Hence, notwithstanding that after Roman's car was stopped one of the police officers saw the policy slips, defendants' motion should have been granted if the car, as the proof shows, was stopped unlawfully and one of the officers was thus enabled to look into it (*Harris* v. *United States*, 390 U. S. 234).