## HARRIS *v.* UNITED STATES.

No. 92. Argued January 18, 1968.—Decided March 5, 1968.

*Paul H. Weinstein* argued the cause for petitioner. With him on the brief was *Laurence Levitan.*

*Francis X. Beytagh, Jr.,* argued the cause for the United States. On the brief were *Acting Solicitor General Spritzer, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Julia P. Cooper.*

PER CURIAM.

Petitioner was charged with robbery under the District of Columbia Code. D. C. Code Ann. § 22–2901. At his trial in the United States District Court for the District of Columbia, petitioner moved to suppress an automobile registration card belonging to the robbery victim, which the Government sought to introduce in evidence. The trial court, after a hearing, ruled that the card was admissible. Petitioner was convicted of the crime charged and sentenced to imprisonment for a period of

two to seven years. On appeal, a panel of the United States Court of Appeals for the District of Columbia Circuit reversed, holding that the card had been obtained by means of an unlawful search. The Government's petition for rehearing *en banc* was, however, granted, and the full Court of Appeals affirmed petitioner's conviction, with two judges dissenting. We granted certiorari to consider the problem presented under the Fourth Amendment. 386 U. S. 1003 (1967). We affirm.

Petitioner's automobile had been seen leaving the site of the robbery. The car was traced and petitioner was arrested as he was entering it, near his home. After a cursory search of the car, the arresting officer took petitioner to a police station. The police decided to impound the car as evidence, and a crane was called to tow it to the precinct. It reached the precinct about an hour and a quarter after petitioner. At this moment, the windows of the car were open and the door unlocked. It had begun to rain.

A regulation of the Metropolitan Police Department requires the officer who takes an impounded vehicle in charge to search the vehicle thoroughly, to remove all valuables from it, and to attach to the vehicle a property tag listing certain information about the circumstances of the impounding. Pursuant to this regulation, and without a warrant, the arresting officer proceeded to the lot to which petitioner's car had been towed, in order to search the vehicle, to place a property tag on it, to roll up the windows, and to lock the doors. The officer entered on the driver's side, searched the car, and tied a property tag on the steering wheel. Stepping out of the car, he rolled up an open window on one of the back doors. Proceeding to the front door on the passenger side, the officer opened the door in order to secure the window and door. He then saw the registration card, which lay face up on the metal stripping over which

the door closes. The officer returned to the precinct, brought petitioner to the car, and confronted petitioner with the registration card. Petitioner disclaimed all knowledge of the card. The officer then seized the card and brought it into the precinct. Returning to the car, he searched the trunk, rolled up the windows, and locked the doors.

The sole question for our consideration is whether the officer discovered the registration card by means of an illegal search. We hold that he did not. The admissibility of evidence found as a result of a search under the police regulation is not presented by this case. The precise and detailed findings of the District Court, accepted by the Court of Appeals, were to the effect that the discovery of the card was not the result of a search of the car, but of a measure taken to protect the car while it was in police custody. Nothing in the Fourth Amendment requires the police to obtain a warrant in these narrow circumstances.

Once the door had lawfully been opened, the registration card, with the name of the robbery victim on it, was plainly visible. It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. *Ker* v. *California,* 374 U. S. 23, 42–43 (1963); *United States* v. *Lee,* 274 U. S. 559 (1927); *Hester* v. *United States,* 265 U. S. 57 (1924).

*Affirmed.*

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, concurring.

Though *Preston* v. *United States,* 376 U. S. 364, is not mentioned in the Court's opinion, I assume it has sur-

vived because in the present case (1) the car was lawfully in police custody, and the police were responsible for protecting the car; (2) while engaged in the performance of their duty to protect the car, and not engaged in an inventory or other search of the car, they came across incriminating evidence.