Scileppi, J. (dissenting).
I dissent and vote to reverse. The majority holds that defendant’s wife did not consent to the removal by the police of defendant’s shotgun and shells and that this evidence was properly suppressed. I disagree since the facts adduced at the suppression hearing do not indicate that the police conducted a search of the apartment. Therefore, the *1044 question of consent is not properly in the case. Before the question of consent can be presented, there must first be a search.
As a result of information obtained during an investigation of a stabbing and shooting, a police officer went to defendant’s home in the afternoon of March 12, 1967, identified himself to defendant’s wife and was invited into the apartment. Mrs. Tunis voluntarily admitted him and freely co-operated, and there is nothing in the record which would suggest that she was coerced by the mere presence of the police. She voiced no objections. On the contrary, Mrs. Tunis sent her children into another room with a neighbor and led the police officer through the apartment as she responded to his questions. During the course of this visit and in response to the question whether her husband owned a shotgun, Mrs. Tunis opened the door to a bedroom closet, which was jointly used by husband and wife, .revealing the shotgun in plain view. The gun, being of the same caliber as a shell found at the scene of the crime and, in the opinion of the officer, recently fired, was seized as an instrumentality of a crime. In addition to seizing'the shotgun, he also took a shotgun shell which he found in plain view on the floor of the same room.
Thus, both the gun and the shell were in plain view and were freely surrendered to the officer without any search of the premises. As stated by the Supreme Court in Harris v. United States (390 U. S. 234, 236): “It has long been settled that objects falling in the plain view of an officer who has a right to be in a position to have that view are subject to seizure and may be introduced in evidence ”. Since Mrs. Tunis voluntarily invited the police officer into the apartment (see Frazier v. Cupp, 394 U. S. 731; Warden v. Hayden, 387 U. S. 294), the police officer was properly in a position to observe the seized items of evidence and there was no unreasonable intrusion on defendant’s privacy (see People v. Loria, 10 N Y 2d 368). The conduct of the officer, viewed in this light, was proper and in accordance with constitutional requirements.
Accordingly, the order appealed from should be reversed.
Order affirmed.