Arnold SOUTHERS, Petitioner-
Appellant,

v.

E. B. HASKINS, Superintendent, London Correctional Institution,
Respondent-Appellee.

No. 72–1319.

United States Court of Appeals,
Sixth Circuit.

July. 5, 1972.

————◆————

William J. Brown, Atty. Gen., of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief for respondent-appellee.

Before EDWARDS, McCREE and KENT, Circuit Judges.

PER CURIAM.

Appellant, a state prisoner, appeals from the denial of his application for a writ of habeas corpus. The facts reveal that in the early morning of June 8, 1969, a police officer observed an automobile parked in the parking lot of a store. He saw a shoe sticking up in the back seat which caused him to investigate the vehicle. As he approached the car he observed two men in the back of the car. While questioning them he observed in plain view a crowbar and a pair of brown gloves, and the handle of a sledge hammer protruding from under the front seat. During this time the appellant walked up to the car and identified himself as the owner. Upon request the appellant opened the trunk of the car and the officers observed a pair of bolt cutters. The appellant was then placed under arrest and a further search produced a screw driver and a chisel. All of the items in question were admitted in evidence in the trial of the appellant, before a jury, for possession of burlary tools.

On this appeal the appellant challenges the legality of the search and the admission of the items in evidence. The crowbar, the brown gloves and the sledge hammer were admissible as being in plain view under the authority of Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). The other items introduced in evidence were secured either through a permissive search or a search incident to a lawful arrest. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

We find no error in the admission of the burglary tools in evidence. There are no other allegations of error which can be said to amount to a violation of the appellant's constitutional rights.

The judgment of the District Court is affirmed.