■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD BOONE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 5, 1972, convicting defendant on his plea of guilty of possession of a dangerous drug in the fourth degree. On January 13, 1972 appellant was a passenger in an automobile on the New York State Thruway operated by one Arthur Jackson. The vehicle was stopped by State Trooper Foster for a routine check. When Jackson was discovered to be a fugitive from justice, he was placed under arrest, and since appellant had no valid driver's license, he too was taken to the station house. After calling for a tow truck

to remove the car from the Thruway, the trooper returned to the car. At the suppression hearing, he testified that when he opened the front door in order to take the car out of "park" to facilitate towing, the interior light went on, revealing five glassine envelopes containing heroin in plain view on the floor of the passenger's side of the front seat. Appellant entered a guilty plea after the trial court denied his motion to suppress the evidence on the ground that it was the product of an illegal search and seizure. The rule is well settled that objects in plain view of a police officer who is rightfully in a position to have a view may be seized and introduced in evidence. (*Harris* v. *United States*, 390 U. S. 234, 236.) The Trial Judge who presided at the suppression hearing and was in the best position to weigh the credibility of the witnesses chose to accept Trooper Foster's version that he discovered the heroin in plain view when he opened the car door to disengage the gear. His finding is supported by the record. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Sweeney and Kane, JJ., concur.