THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARK S. RUSSUM, Appellant.

Fourth Department, June 1, 1973.

Giles, Maloney, Marsh, Clary & Swartz (H. Thomas Swartz of counsel), for appellant.

*William J. McClusky, District Attorney,* for respondent.

Del Vecchio, J.   The Trial Judge correctly denied defendant's motion to suppress the marijuana, the basis for the conviction.   In the nighttime two State Police officers stopped defendant's automobile, driven by him, because its tail light was not lit.   They performed a routine inspection of the exterior of the vehicle and found that two of the tires were unsafe. The Trial Judge found upon sufficient evidence that the police then had defendant open the trunk of his vehicle so that they could see whether he had spare tires that could be used to replace the unsafe ones and whether the tail light could be made operable by adjustment.   When the trunk lid was raised an open brown paper bag was observed which contained 14 plastic packets, which the officers recognized were marijuana.   They read the *Miranda* rights to defendant from a card and asked him if he would discuss the matter.   Defendant replied that he did not know where the stuff came from.   He was arrested and searched, the search producing additional narcotics on his person as well as a hashish pipe.   He was then asked whether he had more narcotics and he replied, "Check the glove compartment."   Three more packets of marijuana were found there.

The officers testified that they do not require that the trunk be opened every time they make a routine automobile check, but that the reason for having it opened on this occasion was to check the light defect and to see if defendant had safer tires than those on the vehicle.   Defendant admitted that he had a defective tail light and defective tires, and he did not say anything when the trunk was opened.

Reliance by defendant on *People v. Marsh* (20 N Y 2d 98) is misplaced, for that case holds only that an officer has no right to search the driver of a vehicle who has been arrested for a traffic infraction.   Here the State Police did not search the defendant or his vehicle.   In commendable performance of their duties, in an effort to permit defendant to continue on the highway with safety, they properly sought to aid him in correcting the defects (see *People v. Gallmon,* 19 N Y 2d 389, 394–395, cert. den. 390 U. S. 911).

The record supports the trial court's finding that the primary purpose for having the trunk opened was to check the defective equipment.   If the light problem could be remedied and the defective tires replaced with proper ones, defendant would not have been issued a summons for equipment violations and the officers would have obviated the risk of a dangerous vehicle continuing on the highway.   The totality of the circumstances

justified the opening of the trunk.* Once the trunk had been opened for a proper purpose, the seizure of the drugs — which upon sufficient evidence the court found were there, located in "plain view"—was lawful (*Harris* v. *United States,* 390 U. S. 234; *Ker* v. *California,* 374 U. S. 23, 41–43; *People* v. *Wojciechowski,* 28 N Y 2d 498, affg. 31 A D 2d 658). Under these circumstances the evidence was inadvertently discovered (see *Coolidge* v. *New Hampshire,* 403 U. S. 443, 464–473). The opening of the trunk was the equivalent of an "investigatory entry", unmotivated by a desire to search for or seize contraband, the presence of which the officers had no reason to suspect. The illegal substances thereafter observed exposed to their view were not protected from seizure (*People* v. *Gallmon, supra*; *People* v. *Ball,* 41 A D 2d 689).

CARDAMONE, J. (dissenting). This appeal raises the sole question of whether the evidence obtained was the product of an illegal search. The defendant, Mark E. Russum, was convicted for criminal possession of a dangerous drug. While passing defendant's auto, police officers noticed a tail light was out and, after stopping him, properly performed a routine inspection of the defendant's vehicle and found a defective rear light and two unsafe tires. The officers testified at a suppression hearing that they then directed the defendant to open his trunk in order to check the rear light defect and inspect the spare tire and discovered 14 plastic bags of marijuana.

The majority concludes that this was not an illegal search but commendable police action in performance of a required duty. I cannot agree. While the police officers had a duty towards the traveling public to see that the existing defects on defendant's vehicle were remedied as promptly as possible, this did not supply the proper authority absent consent for them to enter into defendant's trunk. It is well settled that the police are not authorized to conduct a search each time a motorist is stopped for an ordinary traffic violation (*People* v. *Marsh,* 20 N Y 2d 98, 100). The then applicable provisions of the Vehicle and Traffic Law (§ 375, subd. 35, added by L. 1970, ch. 573, eff. Jan. 1, 1971, and §§ 301 and 376–a, subd. 3) grant no authority to law enforcement officials to open the trunk of a vehicle for routine inspection purposes in connection with a traffic violation. It should be noted that prior statutory authority for a law enforcement officer's inspection of a vehicle's tires referred specifically to "visual inspection of tires mounted on vehicle" (Vehicle and

* See *Schneckloth* v. *Bustamonte,* 412 U.S. 218.

Traffic Law, § 375, subd. 35, par. [b], repealed by L. 1970, ch. 573, eff. Jan. 1, 1971).

The trial court did not find consent by the defendant for the opening of the trunk or the ensuing search. Contrary to the cases relied upon by the majority, there was no evidence that this was an emergency or the kind of distress which will excuse nonconsensual police entry (*People* v. *Gallmon,* 19 N Y 2d 389, cert. den. 390 U. S. 911), nor is the contraband admissible because inadvertently discovered while in " plain view " since that doctrine requires prior legitimate justification, not present under the circumstances here, for the intrusion (see *Coolidge* v. *New Hampshire,* 403 U. S. 443, 466). The matter could have been readily resolved by the officers requesting defendant Russum to produce his spare tire for their inspection after which they could have taken whatever action they believed warranted under the circumstances to protect the public. Such course would at the same time have fully protected defendant's constitutional rights.

The majority position, in my view, opens wide an avenue to possible abuse of constitutional guarantees on the countless occasions that citizens are stopped for traffic violations, if the only circumstance needed to be present for police to have a privilege to enter a motorist's vehicle is the existence of an equipment defect. Such would deny citizens their right to be secure against unreasonable searches and seizures guaranteed them (U. S. Const., 4th Amdt.; N. Y. Const., art I, § 12), particularly when it is recognized that the principal object of the Fourth Amendment is the protection of a citizen's privacy (*Warden* v. *Hayden,* 387 U. S. 294, 304).

Accordingly, I dissent and vote to suppress the evidence.

GOLDMAN, P. J., WITMER and MOULE, JJ., concur with DEL VECCHIO, J.; CARDAMONE, J., dissents and votes to reverse judgment and grant motion to suppress, in an opinion.

Judgment affirmed.