**Daniel BARKER, Plaintiff-Appellant,**

v.

**Dale JOHNSON, Defendant-Appellee.**

**No. 73–1062.**

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1973.

Decided Aug. 29, 1973.

Lawrence S. Katkowsky, Southfield, Mich., for plaintiff-appellant; Schurgin, Katkowsky & Rosenberg, Southfield, Mich., on brief.

Richard Manning, Detroit, Mich., for defendant-appellee; James Finn, Detroit, Mich., on brief; Donald E. Miller, Alexander, Buchanan & Seavitt, Detroit, Mich., of counsel.

Before EDWARDS and MILLER, Circuit Judges, and MOYNAHAN*, District Judge.

* The Honorable Bernard T. Moynahan, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

PER CURIAM.

Petitioner-Appellant has appealed from an order of the district court dismissing his civil rights action. Appellant brought this action pursuant to 42 U.S.C. § 1983, alleging that evidence introduced at this state trial for possession of marijuana was obtained in violation of the Fourth Amendment.

In July, 1966, the appellant went to Redford Township Police Headquarters to inquire about the detention of his two nephews who had been arrested and were being held there at Redford Township Jail. While awaiting this information, the Redford Police discovered that the appellant had some $346.00 in parking or traffic violations outstanding in Detroit, as well as a warrant for his arrest concerning these traffic violations. The Redford Police then arrested the appellant. Detroit Police were called and upon their arrival, the appellee, Dale Johnson, of Redford Township Police accompanied by the Detroit policemen left the Redford Police Headquarters to inventory the contents and lock appellant's car, which was parked in front of the Police Station.

Upon opening the car door to begin this inventory Appellee Johnson saw, in plain view, two marijuana cigarettes on the floor mat on the driver's side of appellant's automobile. Subsequently the plaintiff-appellant was arrested and convicted for possession of marijuana, but his conviction was overturned by the Supreme Court of Michigan on other grounds.

Appellant asserts that the marijuana cigarettes taken from his car were seized as a result of an illegal and unreasonable search, thus rendering the evidence obtained as a result thereof inadmissible. This civil action is bottomed upon that contention.

The evidence herein indicates the appellee went to the car of appellant to inventory the valuables, to roll up the windows and to lock this car for the sole purpose of protecting the car and its contents while the owner was in lawful custody. Under the rationale of Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), this was a proper police function. Once the door had been lawfully opened, the marijuana cigarettes were plainly visible. It has long been settled that objects falling within the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced as evidence. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L. Ed.2d 726 (1963).

There being no unlawful search and seizure, there can be no action based upon 42 U.S.C. § 1983, and the judgment of the District Court is affirmed.