**UNITED STATES of America,**
**Appellee,**

v.

**Clarence E. MASTERSON, Appellant.**

**No. 75–1076.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1975.

Decided June 10, 1975.

Certiorari Denied Oct. 20, 1975.
See 96 S.Ct. 221.

Thomas M. Bradshaw, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, MATTHES, Senior Circuit Judge, and HEANEY, Circuit Judge.

MATTHES, Senior Circuit Judge.

This is an appeal by Clarence E. Masterson from his conviction, of robbing the Heritage Federal Savings and Loan Association in Kansas City, Missouri.[1]

1. The information charged Masterson and one Howard Denver Ray with violating 18 U.S.C. § 2113(a) and 2113(d). Although Ray, too, was convicted the record indicates that only Masterson has appealed.

On July 24, 1974, at about 1:30 p. m., appellant and Howard Ray entered Heritage and at gunpoint robbed the institution of over $5,500. Both were positively identified at the trial by two employees of the association and by customers who were eyewitnesses to the holdup.

Prior to the trial, appellant sought to suppress physical evidence seized by arresting officers immediately after appellant had been placed under arrest. After a full evidentiary hearing, the district court, Honorable Elmo B. Hunter, denied the motion to suppress and during the trial the seized evidence—a check and a sawed-off shotgun—was introduced into evidence. At the trial the defense offered no testimony.

The sufficiency of the evidence to sustain the conviction is not questioned. Rather, the failure of the court to suppress the evidence is the primary issue presented on this appeal. Appellant asserted in the district court and contends here that his warrantless arrest was in violation of the fourth amendment in that the arresting officers did not have probable cause to stop the automobile in which appellant was riding at the time and arrest him.

Our consideration of the evidence at the suppression hearing convinces us that Judge Hunter's denial of the motion to suppress is supported by uncontradicted evidence which clearly establishes that probable cause existed for the arrest and the search incident thereto.

Judge Hunter delineated the evidence relating to the probable cause question in a memorandum opinion. The opinion accurately depicts the pertinent facts and we adopt it and affirm the court's denial of the motion to suppress on the basis of that opinion. Inasmuch as the district court's opinion is not reported a brief resume of the facts as found by the district court follows.

Detectives Floyd Smith and Paul Roberts of the Kansas City, Missouri Police Department investigated the robbery of Heritage shortly after it occurred. They received from eyewitnesses a description of the persons who had committed the robbery. At that time, Detective Smith was informed that one of the participants was a black male, 27 to 28 years of age, thin build, 160 to 165 pounds, dark complexion, with a particular type of hair style described as a "pompadour." The suspect was further described as wearing a dark brown sport suit with light checks, and was armed with a rifle or shotgun. Detective Smith was also informed that the robbers were driving a large, light colored, late model automobile.

On the following morning, Detective Smith, while in the office of Detective Marshall, was introduced by Marshall to an unidentified informant. Marshall had known the informant for seven years, and had supplied Marshall with reliable information on prior occasions. The informant imparted the following information to Detectives Smith and Marshall: the individuals who had robbed Heritage would be riding in a Cadillac automobile of a specific model with a specific license number in the area of the intersection of 55th Street and The Paseo in Kansas City that same morning.

Armed with the information received from the eyewitnesses of the holdup and from the informant, Detectives Smith and Roberts proceeded to the area of 55th Street and The Paseo. At approximately 11:00 a. m., a Cadillac automobile matching the description given by the informant, displaying the license number provided by the informant and occupied by two Negro males, passed the detectives' vehicle on 55th Street and proceeded to turn right at the intersection and travel north on The Paseo. Detective Smith recognized the automobile as conforming to the description of the one provided by the informant. He noticed also that the person seated in the front seat of the passenger side had a "pompadour" hair style similar to that described by the eyewitnesses to the robbery. Detective Smith followed the Cadillac automobile until it reached the intersection of The Paseo and 44th Street. At that point Detective Smith engaged

his siren and emergency light in an attempt to halt the suspect vehicle. Instead of stopping, the Cadillac increased its speed and moved on to 44th Street. Immediately after turning onto the latter street, the Cadillac went out of control and stopped, and Detective Smith positioned his vehicle in front of the suspect Cadillac. As the detective approached the Cadillac, both occupants lowered themselves into the seat, apparently to avoid being seen. The detective approached the vehicle with his weapon drawn and directed both occupants to exit. Upon their exit, Detective Smith observed that the person who had been seated on the passenger side matched the description which he had received from the witnesses to the robbery as to the height, weight, age, race, complexion color, build and hair style of one of the robbers.[2] Thereupon, the detective placed both occupants of the automobile under arrest and took them into custody.

Immediately thereafter, and while Detective Smith was standing outside of the suspect automobile, he observed what appeared to be a check partially exposed in the front seat. The detective reached into the vehicle, recovered the check, and determined that it was payable to the Heritage Savings and Loan Association. Detective Smith then opened the trunk of the vehicle, where he found a 20 gauge sawed-off shotgun.

Appellant's main thesis seems to be that the evidence presented at the suppression hearing was insufficient to establish that the informant was reliable, since the evidence failed to disclose the underlying circumstances providing the basis for the information imparted to the detectives by the informant. This argument overlooks, however, the important fact that Detective Smith had obtained from eyewitnesses to the holdup a precise physical description of the holdup men. That description plus the additional detailed information received from the reliable informant fully justified Detec-

tive Smith in regarding the Cadillac as a suspect vehicle, and in pursuing and stopping it for purposes of making an investigation. See Orricer v. Erickson, 471 F.2d 1204 (8th Cir. 1973); Carpenter v. Sigler, 419 F.2d 169 (8th Cir. 1969). The attempt of the driver of the Cadillac to flee when signaled to stop provided the detective additional reason to take reasonable action to stop the vehicle. Therefore, we, like Judge Hunter, hold that the failure of the informant to state some underlying circumstances from which he reached his conclusion does not invalidate the stopping of the Cadillac, the arrest of the appellant, and the incidental search and seizure of the check and gun.

We deem it unnecessary to again review the many cases which have considered the probable cause issue. The question whether probable cause existed must be decided on an ad hoc basis: if the facts meet the requirements of the test as enunciated by the Supreme Court and this and other courts of appeals, the warrantless arrest and subsequent search and seizure are valid.

In summary, we hold that Judge Hunter, upon a careful analysis of the undisputed facts, appropriately denied the motion to suppress. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (a leading case on probable cause); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) (supporting the seizure of the check under the plain view doctrine); Cady v. Dombroski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Orricer v. Erickson, supra; United States v. Marihart, 472 F.2d 809 (8th Cir. 1972); United States v. Wahlquist, 438 F.2d 219 (8th Cir. 1971); Carpenter v. Sigler, supra; Reed v. United States, 401 F.2d 756 (8th Cir. 1968); Theirault v. United States, 401 F.2d 79 (8th Cir.), cert. denied, 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792 (1969).

---

2. The owner and driver of the Cadillac was one Michael Bronson. He was not identified by the eyewitnesses as a participant in the holdup.

As a subsidiary issue appellant submits that the court fell into error in refusing to sustain another motion filed by him to suppress his identification by eyewitnesses in a lineup conducted after his arrest but before he was charged with the offense.

Appellant tacitly concedes in his brief that if the probable cause issue is decided against him his contention in regard to the lineup is rendered impotent.[3] Appellant conceded in the district court and in oral argument in this court that the lineup was not suggestive in any respect.

The record completely refutes any impropriety with respect to the lineup and, therefore, we sustain the district court's action denying the motion to suppress identification evidence.

The judgment of conviction is affirmed.

---

3. Because of the lack of probable cause for the arrest of appellant, appellant submits that the subsequent lineup and in-court identification were tainted and, therefore, inadmissible as being the result of illegally obtained evidence and that it was error for the district court to overrule appellant's Motion to Suppress Identification Evidence.

Appellant's brief at 19–20.