David Carlee ALLEN, Plaintiff,

v.

Sam C. JOHNSTON, Warden, Defendant.

Civ. No. 74–419–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

July 31, 1975.

David Carlee Allen, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

Petitioner, an Oklahoma State Prisoner, proceeds under 28 U.S.C. § 2254 after ex-

hausting state remedies [1] claiming his conviction of armed robbery was unconstitutionally obtained in that,

(1) a large floppy black hat and a pistol, which were introduced in evidence against him at his trial, were illegally seized from his home and car, and,

(2) he was subjected to an unfair and unconstitutional lineup at which he was identified by the victim of the armed robbery.

Counsel for Petitioner has been appointed by the Court. An evidentiary hearing has been conducted on the two points aforesaid. The Petitioner was brought from prison to testify in person.

The evidence disclosed that a grocery store was robbed by a black man around 10:30 a.m. on a Sunday morning. The owner of the store, a female, was alone in the store. The robber first bought a beer, then attempted to pull a ladies stocking from under his large floppy black hat and conceal his face with the same, pulled a pistol, ordered the victim to put the store money in a sack, told the victim that she knew him and if she called the police she would be hurt. The victim knew the armed robber as he had been a customer of the store for about one year, but she did not know his name. She did know the name and location of one Freeman, another customer of the store, who she knew to be a friend of the robber. The robber and Freeman each live in the vicinity of the store. After the armed robber left she locked the store, went to a nearby residence where she learned the name of the armed robber and from there called the police reporting the armed robbery, giving the name and description of the Petitioner as the armed robber and advised that he was wearing a large floppy black hat and used a pistol in the robbery. With this information and knowing or learning the residence of the Petitioner, the police went to the residence of the Petitioner. Before they arrived Freeman had arrived at Petitioner's residence and advised

him of the armed robbery and that the Petitioner was accused of the same. The above facts are substantially without dispute but if and where disputed the Court finds the above to be the facts of this case.

Other events are in sharp dispute. The Petitioner and his friend Freeman, who testified for him, testified that the officers, after knocking on the door of Petitioner's residence and ascertaining his identity, took them out on the front porch and searched them. The officer in charge testified that he arrested the Petitioner in the living room of his house on probable cause for the armed robbery, searched the Petitioner and his friend in the living room, saw the large floppy black hat in the living room in plain view (Petitioner said it was on a lamp in the living room) and took the same as evidence in view of the information furnished in regard thereto by the victim.

Thus, it is Petitioner's position that he was arrested on the front porch and the subsequent search of the living room and seizure of the hat was illegal under *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and the hat was improperly introduced in evidence against him at the trial. The position of Respondent is that the Petitioner was arrested and searched in the living room and the hat was legally seized as being proper under *Chimel* and also as being known evidence regarding the crime in plain view of the officers at a location where they had a right to be in effecting the arrest of the Petitioner on reasonable cause it was legally seized under the "plain view" doctrine.

As to the pistol, the Petitioner says it was under the back seat of his car, that the car doors were locked, that he refused to give his consent to search the car, that the keys to the car were taken from him, a car door was unlocked and the pistol was found under the back seat. The officer in charge testified that the Petitioner's car was parked near the front porch and walk of Petitioner's house, that as he was leaving

1. The Order of the Court regarding Petitioner having exhausted his state remedies on the two points involved herein which Order was entered herein on September 19, 1974 is by reference made a part hereof.

the house after arresting the Petitioner he looked in the car through the window and saw the pistol in plain view on the front floor board of the car, that the car doors were not locked, that he opened an unlocked door and took possession of the pistol, that he got the keys to the car from the Petitioner thereafter but only to open the trunk of the car where he found a bag of marihuana (not introduced in evidence at the trial). The Respondent asserts that the pistol was legally obtained under the "plain view" doctrine.

The Court finds and concludes from the evidence and the law that the hat and pistol were legally seized by the police officers. The Court finds and concludes that the officers had reasonable cause to believe that the Petitioner had robbed the store, 22 Oklahoma Statutes § 196, had the right to and did arrest him in the living room of his residence on such reasonable cause, therefore had a right to be in the living room for this purpose and that the hat as known evidence in the case as reported by the victim was in plain view of the officers and subject to seizure under the "plain view" rule. Such seizure was not the product of a search and does not fall under *Chimel. Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Likewise, the Court finds and concludes from the evidence that the pistol fell in the plain view of the police officer who had a right to be where he was in the position to have that view. The pistol was therefore subject to seizure under the "plain view" doctrine in view of information previously furnished by the victim regarding the use of a pistol in the armed robbery and the location of the pistol on the front floor board of the car at Petitioner's residence in plain view through the window. Such a seizure was not the product of a search. *Harris v. United States, supra; Coolidge v. New Hampshire, supra; United States v. Alberty,* 448 F.2d 706 (CA 10, 1971); *United States v. Miller,* 452 F.2d 731 (CA 10, 1971). It is therefore concluded that the hat and pistol were legally seized by the officers

and properly admitted in evidence against the Petitioner at his trial and none of his constitutional rights were violated in this regard.

The evidence is also in sharp dispute with reference to the lineup. Petitioner asserts that the same was suggestive in violation of due process under *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), because though all five in the lineup were blacks he was of lighter complexion than the others; that his name was called out during the lineup in the presence of the victim; that the victim was on the front row and said, "that's him" referring to the Petitioner and that Petitioner was placed in two lineups before the victim and that she could not identify him in the first lineup. The victim testified she was seated near the middle or back of the darkened room, did not say "that's him" and readily recognized the Petitioner as the armed robber as he had been in her store a hundred times and she knew him from these visits and the occasion of the armed robbery without any need for the lineup. The victim also testified that she participated in only one lineup and not two as claimed by Petitioner. Officers at the lineup who testified say that the victim was seated in the back of the room which was darkened; did not say "that's him" in the lineup room and that the names of those in the lineup were not called out. They also testified that only one lineup was conducted in which the victim herein participated. The victim thought that the names of those in the lineup were called out but that such made no difference to her as she readily recognized the Petitioner as the armed robber for reasons above stated.

From the foregoing the Court does not find the lineup to have been unfair or unconstitutionally conducted. It does not appear that the same was unnecessarily suggestive or conducive to irreparable mistaken identification as the armed robber was black and so were all in the lineup; that only one lineup was conducted and that if the names of those in the lineup were called out it did not impair the validi-

ty of the lineup for the victim recognized the Petitioner from sources independent of anything learned at the lineup. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Unnecessary suggestiveness does not alone require the exclusion of evidence. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Before an in-court identification following a suggestive out-of-court identification can be declared inadmissible it must appear that the identification procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968). No such showing is made here. In determining the likelihood of misidentification important factors to be considered include "the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation." *Neil v. Biggers, supra,* 409 U.S. at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411. Tested by these criteria, the reliability of the identification of the Petitioner is readily demonstrated. The witness had ample opportunity to view the robber in broad daylight. As a frequent customer at the store, she was able to recognize him. She was attentive enough to his appearance to recognize him, knew his friend, ascertained his name, gave the police his name and a complete and accurate description. There was no doubt in her mind about her identification of Petitioner. The confrontation took place shortly after the commission of the offense. There is nothing in the "totality of the circumstances" considering the factors set forth in *Neil v. Biggers, supra,* to suggest any likelihood of misidentification.

■ In his Petition the Petitioner also originally contended that his in-court identification was tainted because he was denied counsel at the lineup. At the hearing it developed that the lineup took place on Sunday, the same day as the crime, about two hours after the Petitioner's arrest. No charge had been filed and the criminal prosecution had not otherwise commenced. Under these circumstances the Petitioner was not entitled to counsel at the lineup, *Kirby v. Illinois, supra,* and the contention was not renewed at the hearing.

For the foregoing reasons the Motion herein and the action contained therein should be dismissed.