■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEONARD DE MARIA, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated August 14, 1975, which, after a hearing, granted the defendant's motion to suppress certain physical evidence. Order reversed, on the law and the facts, and motion denied. At the suppression hearing a police officer testified that he observed the actions of one Anthony Minichiello, who, the officer knew, had been previously arrested for criminal possession of stolen property. Minichiello drove his car into a gas station garage and closed the door. Shortly thereafter, Minichiello drove his car out of the garage and to an apartment house, accompanied by a Mr. D'Andrea. Minichiello entered the building and returned in a few minutes. D'Andrea, using a screwdriver, opened the car trunk and each man took a carton from the trunk and carried it into the building. The officer observed that this procedure was repeated; he approached D'Andrea and saw that the carton in the latter's possession contained cigarettes and was labeled "Chesterfield". The officer then followed the two men into the building, where he saw Minichiello sliding the cartons over to a third man, named Salerno, who was taking them into an apartment. The officer, observing that the cartons in plain sight had no New York tax stamps, arrested Minichiello, D'Andrea and Salerno. The officer thereafter immediately returned to the gas station and saw a Mr. Papaccio driving a van from the garage. He followed Papaccio to a street intersection, where he pulled the van over, identified himself and saw cartons of cigarettes in the van—some in cardboard boxes, others loosely piled in the van. Examining them, the officer again found no New York tax stamps on the cigarettes and he arrested Papaccio. The officer then drove the van to the garage. There he looked through a crack in the garage door and saw the defendant and another man carrying cases to the trunk of a car, removing cigarettes from the cases and putting them into the car's trunk. The officer knocked on the door, which was then opened by the second man. The defendant, seeing the officer, slammed the trunk closed and threw the car keys away. The officer found the keys and opened the trunk, discovering untaxed cigarettes; he also found untaxed cigarettes in a room adjacent to the garage. There were 964 cartons of cigarettes in the room and 96 in the trunk of the car. Criminal Term suppressed the physical evidence, applying the doctrine of the "fruits of the poisonous tree". This was error. We hold that the search was legal because the police officer had reasonable cause to believe that there were untaxed cigarettes in the gas station garage. The sequence of events showed that untaxed cigarettes were stored in the garage. The officer, having such knowledge, knocked at the door and lawfully entered the garage when the door was opened by the defendant's companion. The defendant's actions, e.g., throwing away the car keys at the appearance of the police officer, were susceptible of a strong

inference of a consciousness of guilt. The search of the premises consequently was supported by the observations of the police officer. We do not find, moreover, that the police officer was required to obtain a search warrant. The untaxed cartons in the car trunk were in plain view and the search of the adjoining room was not beyond the ambit of the permissible zone (cf. *People v Clements,* 37 NY2d 675, 679–680; *United States v Curran,* 498 F2d 30; *People v Tenney,* 25 Cal App 3d 16; *Harris v United States,* 390 US 234; *Ker v California,* 374 US 23). Hopkins, Acting P. J., Cohalan and Rabin, JJ., concur; Martuscello and Titone, JJ., dissent and vote to affirm the order.