**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dixie WASSERSTROM,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gordon NEWLIN, Defendant-Appellant.**

**Nos. 77–5261, 77–5235.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 9, 1977.

Decided Feb. 24, 1978.

J. Michael McGinley, Columbus, Ohio, for defendant-appellant in No. 77–5261.

J. Boyd Binning, Columbus, Ohio (Court-appointed), for defendant-appellant in No. 77–5235.

William W. Milligan, U. S. Atty., John W. Palmer, Columbus, Ohio, for plaintiff-appellee.

Before EDWARDS, KEITH and MERRITT, Circuit Judges.

PER CURIAM.

Appellant Wasserstrom appeals from convictions arising from separate trials on

charges of mail theft, in violation of 18 U.S.C. § 1708 (1970), and possession of narcotics, in violation of 21 U.S.C. § 841(a)(1) (1970). Appellant Newlin appeals from a conviction on narcotics charges arising out of the same search.

Two issues are presented in relation to these convictions. Appellants claim, first, that the affidavit for a search warrant was incomplete in the sense that it failed to show the reliability of the informant.

■ We have inspected the affidavit with care and find therein averments which sufficiently establish the reliability of the informant and the information, particularly noting the detailed eyewitness information pertaining to materials stolen from the mails. See in this regard *United States v. Dudek,* 560 F.2d 1288, 1292–93 (6th Cir. 1977).

■■ Additionally, both appellants contend that even if the search warrant was valid, that the search was illegally converted into a search for drugs not authorized by the warrant and hence that at least all drugs seized should have been suppressed. This issue was carefully handled by the Magistrate and the District Judge. Police officers lawfully in premises under a judicially issued search warrant may seize contraband not named in the search warrant which comes into plain view in the course of a good faith search under the terms of that warrant. *See Harris v. United States,* 390 U.S. 234, 236 (1968); *cf. United States v. Gargotto,* 476 F.2d 1009, 1013 (6th Cir. 1973), *cert. denied,* 421 U.S. 987, 95 S.Ct. 1990, 44 L.Ed.2d 477, *rehearing denied,* 423 U.S. 884, 96 S.Ct. 157, 46 L.Ed.2d 115 (1975).

The judgments of conviction are affirmed.