MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This interlocutory appeal was taken after a motion to suppress was granted as to marijuana seized during the execution of a search warrant. We reverse and remand for trial.
An arrest warrant was issued for Ted A. Garcia. When officers went to his apartment, they were admitted by Randall Garcia and were told that Ted A. Garcia was in a bedroom at the end of the hall. As the officers went down the hall toward the bedroom, they passed an open walk-in closet. The closet contained numerous items of clothing with price tags attached. The labels in the clothing bore the inscription “Ted’s Custom Tailoring.” Ted’s Custom Tailoring had been recently burglarized. The officers arrested everyone in the apartment, with the exception of one woman.
With an eye to the warnings contained in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the apartment was made secure, and a search warrant was obtained before the officers conducted a search for stolen clothing, including some missing belts which were taken in the course of the burglary of the premises known as Ted’s Custom Tailoring. Seven hours after the arrest, the officers made a search of the defendant’s apartment, which extended to the bedrooms, dressers, and closets and produced not only the stolen clothing but also a large quantity of marijuana.
The sole issue before us is whether the search conducted pursuant to the search warrant was of such a general and exploratory nature as to require that the marijuana which was seized be suppressed. In our view, the search was reasonable and extended only to the areas where the stolen items described in the search warrant might be secreted. People v. Tucci, 179 Colo. 373, 500 P.2d 815 (1972); Hernandez v. People, 153 Colo. 316, 385 P.2d 996 (1963). Police officers are not compelled to close their eyes and ignore contraband which they discover in the course of a lawful search. Alire v. People, 157 Colo. 103, 402 P.2d 610 (1965). Accord, Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). The mere fact that a burglary and theft investigation brought about the pending charge of possession with intent to dispense a dangerous drug, cannibas over one ounce (sections 12-22-404 and 412, C.R.S. 1973), does not cause the search and the subsequent seizure to *549 be unreasonable.
Accordingly, the order suppressing the marijuana seized in the execution of the search warrant is reversed, and the cause is remanded for trial.