OWEN, WILLIAM C, Jr. (Retired), Associate Judge.
The State appeals an order granting defendant’s motion to suppress certain physical evidence seized from his automobile during the course of a warrantless search.
Defendant Oglesby was employed at Union Correctional Institution as a corrections officer. At approximately 1:30 in the morning, while he was on duty, defendant Oglesby had a medical problem which necessitated his being taken to the hospital in an ambulance. Another corrections officer was directed to place some items of personal property belonging to Oglesby in Ogles-by’s car. While putting those items in Oglesby’s car, the officer observed the handle of a gun protruding from under the front seat. He reported this to his supervisor, whereupon several corrections officers were sent to search the car. The officers, who seized from under the front seat of the car a gun, some bullets, a can of mace, a hunting knife, and a radio, explained that they removed these items because the car was parked in an area where inmates have daytime access. The items were placed in a sack for safekeeping.
At the time these items were removed from the car, the officers had no reason to believe that the radio was stolen property. *715 However, a short time later, the corrections officers learned that the radio found in the Oglesby ear matched the description of a radio stolen from the Starke Police Department, which information resulted in Ogles-by being charged with theft of the radio.
At hearing on the motion to suppress the physical evidence, the trial court found that the initial entry into the vehicle and seizure of the weapon was justified under safekeeping procedures, but concluded that the officers had gone beyond the bounds of reasonableness when they removed the radio from the car. The court thereupon granted defendant’s motion to suppress the radio as evidence in the cause.
Appellee cites Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), Go-Bart v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931), and Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), as examples of cases in which a search, reasonable at its inception may violate Fourth Amendment protections due to the subsequent intensity and scope of the search. On the other hand, the State cites Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), and Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), as authority for the proposition that given the lawfulness of the initial intrusion into the vehicle and the initial search, the seizure of the radio was not constitutionally unreasonable.
Rarely, if ever, are any two cases just alike, and we are cognizant of the task facing the trial courts in the “ribbon matching” process involved in deciding constitutional issues in search and seizure cases. Nonetheless, we feel that here, when the officers looked under the front seat to seize the gun (which was not unreasonable), their further good faith action of taking into custody for storage and safekeeping other (then innocuous) items of personalty was not constitutionally unreasonable under the reasoning of Cady v. Dombrowski, supra, and Harris v. United States, supra.
The order suppressing the physical evidence is REVERSED.
MILLS, C. J., and JOANOS, J., concur.