STATE OF CONNECTICUT *v.* ANTHONY HOLMES
(AC 16182)

Schaller, Sullivan and Dupont, Js.

Argued September 24—officially released December 8, 1998

*James B. Streeto*, special public defender, for the appellant (defendant).

*Robert J. Scheinblum*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *George Ferko*, assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant appeals from the judgment of conviction, entered after his conditional pleas

of nolo contendere,[1] to possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b), possession of narcotics with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b) and possession of marijuana in violation of General Statutes § 21a-279 (c).

The trial court reasonably could have found the following facts. On March 9, 1995, the defendant's girlfriend, Angela Dark, summoned the police to her apartment. When Officers Harold Pu'sey, Garth Perri and Ronald Bair of the Hartford police department arrived at her home, Dark asked them to enter her apartment and to remove the defendant. Pu'sey found the defendant lying in the bathtub smoking a "blunt," a marijuana cigar. He also saw a bag of marijuana on the bathroom floor next to the bathtub.

While Pu'sey was dealing with the defendant, Bair and Perri remained in the hallway outside the bathroom with Dark. At the opposite end of the hallway, there was a closet with two folding doors, one of which was open. Dark appeared to the officers to be nervous and increasingly agitated. She then made a motion to shut the closet door. Bair and Perri ordered her not to close the door and to step aside. When she complied reluc-

---

[1] Prior to trial, the defendant moved to suppress, inter alia, the cocaine evidence. The defendant entered the nolo contendere pleas after the trial court denied the motion to suppress.

Practice Book § 61-6 (a) provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement, or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. . . ."

tantly, they looked into the closet and saw a bag of rock cocaine on a shelf in the closet.[2]

The police announced their intention to arrest both the defendant and Dark and to place their child in the care of the department of children and families. Upon hearing this, the defendant said that only he should be arrested for the cocaine because Dark had nothing to do with it. The police then arrested the defendant.

The defendant claims that the trial court improperly denied his motion to suppress the evidence of the rock cocaine in violation of his rights under article first, § 7, of the constitution of Connecticut, and under the fourth and fourteenth amendments to the United States constitution.

"It is a 'basic principle of Fourth Amendment law that searches and seizures inside a [person's] house without warrant are per se unreasonable in the absence of some one of a number of well defined "exigent circumstances." ' *Coolidge* v. *New Hampshire*, 403 U.S. 443, 477–78, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971) . . . ." (Citations omitted.) *State* v. *Eady*, 245 Conn. 464, 469, 733 A.2d 95 (1998). Because a warrantless search is presumptively invalid, the state has the burden of affirmatively demonstrating a recognized exception to the warrant requirement. *State* v. *Badgett*, 200 Conn. 412, 423–24, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). Under the facts and circumstances of this case, the trial court found that the plain view doctrine applied to the cocaine found in the closet. We agree.

"In *Coolidge* v. *New Hampshire*, supra, [403 U.S. 443], 'the United States Supreme Court held that in certain

---

[2] Whether the officers used a flashlight when they looked into the closet, which was disputed in this case, is not relevant under a plain view doctrine analysis. See *Texas* v. *Brown*, 460 U.S. 730, 739, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983); *State* v. *Bryant*, 19 Conn. App. 626, 630, 563 A.2d 326, cert. denied, 212 Conn. 821, 565 A.2d 540 (1989).

circumstances a warrantless seizure by police of an item that comes within plain view during their lawful search of a private area may be reasonable under the fourth amendment.' *State* v. *Ruscoe*, 212 Conn. 223, 237, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990). The plain view exception to the warrant requirement 'is based upon the premise that the police need not ignore incriminating evidence in plain view while they are . . . entitled to be in a position to view the items seized.' *State* v. *Ruth*, 181 Conn. 187, 193, 435 A.2d 3 (1980); see *Harris* v. *United States*, 390 U.S. 234, 236, 88 S. Ct. 992, 19 L. Ed. 2d 1067 (1968). Three requirements must be met to invoke the plain view doctrine: First, the items seized must be in the plain view of the police, second 'the initial intrusion that enabled the police to view the items seized must have been lawful; and [third] the police must have had probable cause to believe that these items were contraband or stolen goods.' *State* v. *Ruscoe*, supra, 237–38; *Arizona* v. *Hicks*, 480 U.S. 321, 326–27, 107 S. Ct. 1149, 94 L. Ed. 2d 347 (1987).' " *State* v. *Eady*, supra, 245 Conn. 469–70.

"Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Blackman*, 246 Conn. 547, 553, 716 A.2d 101 (1998).

The trial court properly concluded that all three prongs of the plain view doctrine were met in this case. First, the cocaine was in plain view. It is uncontested that the closet door was open at all times. The officers

saw the cocaine from their vantage points in the hall-way; they did not enter the closet, nor did they do more than look inside. Second, the police were properly entitled to be where they were when they saw the cocaine. Dark summoned the police to her apartment, asked them to remove the defendant and consented to their entering her apartment. Third, on the basis of their training and experience in dealing with narcotics, the officers had probable cause to believe that the substance they saw in the closet was rock cocaine. We hold that the trial court properly admitted the evidence under the plain view doctrine.

The judgment is affirmed.

In this opinion the other judges concurred.