# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-00602-COA

**TRAVIS BOLER**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/05/2018 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA McCLINTON |
| DISTRICT ATTORNEY: | STEVEN SIMEON KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/25/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.   Travis Boler was convicted of one count of possession of methamphetamine and one count of possession of marijuana.  The circuit court sentenced Boler as a habitual offender to serve eight years in the custody of the Mississippi Department of Corrections for Count 1 and to pay a $250 fine for Count 2.  Boler appealed, arguing that the circuit court erred in allowing evidence under the plain-view doctrine.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.   On the evening of December 21, 2017, Officer Daniel Winstead of the Philadelphia Police Department was dispatched to a call near Pearl Avenue and Loper Street.  He was the

first to respond, followed by Officers Jeremy May and Joe Willis. When they reached the area, Officer Winstead saw a black vehicle that he recognized from "around town." He gave the tag number to dispatch and learned that one of the registered owners, Boler, had outstanding warrants with the City. As the three officers approached the vehicle, Boler pulled into the driveway of an unknown residence, exited the vehicle, and threw the keys to a woman standing nearby. Officer Winstead parked his car behind Boler's vehicle. He then advised Boler to go toward the patrol car because there were outstanding warrants for his arrest. Officer Winstead took Boler into custody, handcuffed him, and left him at the front of the vehicle.

¶3. The officers planned to tow and impound Boler's vehicle, but they could not locate the keys since Boler had discarded them.[1] Officer May stood by the passenger side front door, shined a flashlight through the windshield, and noticed a "crystal-like substance." He notified Officer Winstead that the vehicle was unlocked. When Officer May opened the door, he found methamphetamine and marijuana in the center console.

¶4. On August 28, 2018, a Neshoba County grand jury indicted Boler as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) for one count of possession of methamphetamine and one count of possession of marijuana, in violation of Mississippi Code Annotated section 41-29-139(c)(1)(C) and -139(c)(2)(A) (Supp. 2016).

---

[1] The officers ultimately released the vehicle to Boler's mother, who was the other registered owner of the vehicle.

2

Boler was released on bond and was ordered to appear in court on October 29, 2018. He did not. As a result, the court issued a bench warrant for his arrest.

¶5.     After Boler was located, the case proceeded to trial on November 7, 2018. During Officer Winstead's testimony, the court excused the jury and held a hearing on the defense's motion to suppress the drugs recovered from Boler's vehicle. At the suppression hearing, Officer May testified that he shined a light into Boler's vehicle after his arrest and that he saw "a crystal-like substance" in the center console. He also testified that the doors were unlocked, so he opened the passenger door. When he shined the light on the center console, he saw the methamphetamine and marijuana "in plain sight." Officer May's body-camera video footage was played during the hearing and showed him shining a light through the passenger window near the center console before opening the passenger door. Ultimately, the circuit court denied the motion to suppress, stating:

> On the issue of whether he had the right to open the door once he saw those drugs, this is in plain sight. This is in an instance where the Defendant, according to the testimony, was intending to flee from law enforcement, it sounds like. He was getting out of the car, and he was going the way away from the police when the police said stop. And his response at that time was to throw the keys to his car to a female. I don't see where a law officer would have acted any way that could have been more appropriate than to investigate at that instance . . . .

¶6.     The jury found Boler guilty of possession of methamphetamine and possession of marijuana. Boler filed a motion for a new trial, which the court denied. Boler appealed.

## STANDARD OF REVIEW

¶7.     "When reviewing a circuit court's denial of a motion to suppress, this Court adopts

3

a mixed standard of review." *Gillett v. State*, 56 So. 3d 469, 482 (¶21) (Miss. 2010) (citing

*Dies v. State*, 926 So. 2d 910, 917 (¶20) (Miss. 2006)). "Determinations of reasonable

suspicion and probable cause are reviewed de novo." *Id*. (citing *Dies*, 926 So. 2d at 917

(¶20); *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *Floyd v. City of Crystal Springs*,

749 So. 2d 110, 113 (Miss. 1999)). "However, we are bound by the trial judge's findings as

to the underlying 'historical facts' unless those findings are 'clearly erroneous.'" *Holloway*

*v. State*, 282 So. 3d 537, 542 (¶13) (Miss. Ct. App. 2019) (citing *Dies*, 926 So. 2d at 917

(¶20)).

**ANALYSIS**

¶8.    Boler argues that the circuit court erred in denying his motion to suppress. More

specifically, Boler claims the court erred in allowing the jury to hear evidence of the seized

drugs under the plain view doctrine.

¶9.    "The Fourth Amendment of the United States Constitution and Article 3, Section 23

of the Mississippi Constitution guarantee a person's right to be free from unreasonable

searches and seizures." *May v. State*, 222 So. 3d 1074, 1078 (¶7) (Miss. Ct. App. 2016)

(quoting *Cooper v. State*, 145 So. 3d 1164, 1168 (¶10) (Miss. 2014)). "As a general rule, our

state and federal Constitutions prohibit searches without a valid warrant unless an exception

applies." *Id*. (quoting *Galloway v. State*, 122 So. 3d 614, 669 (¶182) (Miss. 2013)). "The

State bears the burden to show that a warrantless search falls under one of the permissible

exceptions." *Id*. The Mississippi Supreme Court has held that "objects falling in the plain

4

view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Townsend v. State*, 681 So. 2d 497, 503 (Miss. 1996) (citing *Harris v. United States*, 390 U.S. 234, 236 (1968)); *see also Godbold v. State*, 731 So. 2d 1184, 1190 (¶24) (Miss. 1999).

¶10.    Here, Officer May testified that following Boler's arrest, he "walked up to the car [and] shined the light through the passenger window, just to make sure there [was not] anybody else in the car . . . ." When he shined the light, he saw "a bag of crystal-like substance near the center console in plain sight." He then opened the passenger door and saw the methamphetamine and marijuana in the center console. The video footage was introduced into evidence and played for the jury. The video corroborated Officer May's testimony.

¶11.    After review, we find that the drugs found in Boler's vehicle fall within the plain-view exception. Accordingly, we affirm the circuit court's judgment.

¶12.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR.**