

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0170-22

**JAMES CALVIN MASSEY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS TARRANT COUNTY

**NEWELL, J., filed a concurring opinion in which HERVEY, RICHARDSON and SLAUGHTER, JJ., joined.**

I agree with the Court that the court of appeals erred to reverse the trial court's ruling on Appellant's motion to suppress. But I would uphold the trial court's denial of the motion to suppress on a more direct basis. Appellant sought to suppress drugs that officers seized in plain view off the ground and in a public place. Immediately prior to

the seizure, Appellant even said of the drugs the police found, "that's not mine." Nevertheless, the court of appeals held that the plain view doctrine did not apply,[1] and we granted review to determine whether it did.[2] I would answer that question and hold that the plain view doctrine provided an independent justification for the warrantless seizure of the drugs in this case regardless of whether Appellant's attempt to evade the police attenuated the taint from the officer's illegal pat-down.

What a person knowingly exposes to the public is not a subject of Fourth Amendment protection.[3] The Fourth Amendment generally does not apply to seizures of contraband found in a public place because there is no expectation of privacy.[4] It is well-settled, as the United States Supreme Court has observed, "that objects such as weapons or contraband found in a public place may be seized by the police without a warrant."[5] Objects falling in the plain view of an

---

[1] *Massey v. State*, 649 S.W.3d 500, 521 (Tex. App.—Fort Worth 2022).

[2] The Court granted the State's third ground of review which asked: Is an officer in a public place not in a "lawful place" under a plain view analysis merely because a Fourth Amendment violation occurred?

[3] *United States v. Santana*, 427 U.S. 38, 42 (1976).

[4] *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013).

[5] *Payton v. New York*, 445 U.S. 573, 586-87 (1980).

officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.[6]

In this case, the public nature of the area where Sgt. Lukowsky found the drugs is not in dispute. And Sgt. Lukowsky had the lawful ability to be where he was when he found them. Nevertheless, the court of appeals held that Sgt. Lukowsky was not in a lawful vantage point even though he was in a public place.[7]

The court of appeals reached this conclusion by relying primarily upon an unpublished and factually distinguishable case, *State v. Bishop*.[8] Unpublished cases do not constitute precedent and cannot be relied upon as such.[9] More importantly, *Bishop* involved a seizure of drugs from a defendant's pockets, not from the ground in a public place.[10] Thus, *Bishop* is significantly different from this case even if it could be considered precedent.

---

[6] *Harris v. United States*, 390 U.S. 234, 236 (1968).

[7] *Massey*, 649 S.W.3d at 519.

[8] *Id.* at 520 (citing *State v. Bishop*, No. 13-16-00322-CR, 2017 WL 10896881 (Tex. App—Corpus Christ 2017, no pet.) (not designated for publication)).

[9] Tex. R. App. P. 47.7(a) ("*Criminal Cases*: Opinions and memorandum opinions not designated for publication by the court of appeals under these or prior rules have no precedential value but may be cited with the notation, '(not designated for publication).'").

[10] *Bishop*, 2017 WL 10896881 at *1.

Yet in relying on *Bishop*, the court of appeals appears to have created a conflict with our decision in *Walter v. State*. In that case, we regarded the plain view doctrine not as an exception to the warrant requirement but rather as a recognition that a defendant lacks any expectation of privacy in an object in plain view of the public.[11] As such it would provide an independent justification for the seizure in this case rather than an exception to the application of the exclusionary rule.[12] As we explained in *Walter*, "[t]he Supreme Court has explained that the "plain view" doctrine is not really an "exception" to the warrant requirement because the seizure of the property in plain view involves no invasion of privacy and is presumptively reasonable."[13] If Appellant had no expectation of privacy in the area in which the drugs were found, there is no reason to address whether attenuation renders the exclusionary rule inapplicable.[14]

---

[11] *Walter v. State*, 28 S.W.3d 538, 541 (2000).

[12] *See Utah v. Strieff*, 579 U.S. 232, 237-38 (2016) (noting the attenuation doctrine as an exception to an application of the exclusionary rule).

[13] *Walter*, 28 S.W.3d at 541 (citing *Texas v. Brown*, 460 U.S. 730, 738-39 (1983).

[14] This approach appears consistent with that taken by the trial judge who noted at the hearing on the motion to suppress that the drugs at issue were not discovered by a search nor recovered by State action.

Here, there is no question the officer who seized the drugs arrived at the location lawfully.[15] His presence there did not become unlawful because of the pat-down or Appellant's attempt to avoid the search.[16] There is no reason a police officer should be precluded from observing as an officer what would be entirely visible to him as a private citizen.[17] Neither should an officer be required to leave drugs lying around in a public place when he sees them. Because this warrantless seizure was justified under the plain-view doctrine, I would uphold the trial court's denial of Appellant's motion to suppress on that basis.

With these thoughts, I concur.

Filed: April 26, 2023

Publish

---

[15] *Massey*, 648 S.W.3d at 512 ("Massey does not dispute that Officer Lukowsky was initially justified in detaining him for a traffic offense.")

[16] *Walter*, 28 S.W.3d at 544 (holding that officer lawfully viewed marijuana in the defendant's car pursuant to a valid investigatory detention); *see also Massey*, 648 S.W.3d at 513 (holding that the investigatory detention in this case was not unduly prolonged).

[17] *Walter*, 28 S.W.3d at 544 (quoting *Brown*, 460 U.S. at 740).