UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Trinidad ZAPATA,
Defendant-Appellant.

No. 75–1638.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 14, 1976.

Decided March 3, 1976.

Rehearing Denied March 19, 1976.

William H. Walker, Jr., E. Chicago, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Fred W. Grady, Asst. U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Before PELL and SPRECHER, Circuit Judges, and PARSONS, District Judge.*

PER CURIAM.

This is an appeal from a decision denying the defendant's motion to suppress certain evidence, to wit: any and all objects taken from the vicinity of the defendant on September 30, 1974, by officers of the East Chicago, Indiana, Police Department. Decision was rendered upon completion of an evidentiary hearing.

Taken in the light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the evidence established the following significant conduct. At 10:22 P.M. on September 30, 1974, Uniform Officers Fernando Villicano and Donald Kurmis of the East Chicago, Indiana, Police Department received from their central station the following radio dispatch: "a 1974 Cadillac, white over red, no State plate, on the 3500 block of Main Street, with four Latin subjects in it, selling or distributing heroin." At that time, these officers were on patrol in a marked police car a few blocks west of the described location. After receipt of the dispatch, the officers proceeded immediately to the 3500 block of Main Street. At approximately 10:25 P.M. they observed a Cadillac, white over red, with no license plates, containing four individuals, "three Latins and one white," parked at 3520 Main Street. Villicano left the police car and proceeded on foot toward the Cadillac, while Kurmis drove the car slowly up the street and finally parked in front of the Cadillac. Kurmis then left the car and proceeded on foot to the driver's side of the Cadillac.

---

* Chief District Judge James B. Parsons of the Northern District of Illinois is sitting by designation.

As Villicano approached the Cadillac, he observed an individual beside the passenger side squatting down on the sidewalk and leaning against the front door. He also saw the defendant's arm extending out from the Cadillac's front window on the passenger side and reaching toward the squatting individual. As he drew closer, he observed in the defendant's extended hand a plastic or cellophane packet which was rolled up "like a baggy." Villicano, who had previously been involved in arrests for alleged narcotic violations, then grabbed the defendant's extended arm; but, he soon lost his grip because the defendant pulled his arm back into the car while bracing himself against the car door with his feet. As Villicano stepped back from the Cadillac, the defendant threw the packet out through the car's open sun roof. The packet landed in a gutter, about a foot away from Villicano. In a matter of seconds, Villicano asked Kurmis for cover and picked up the packet. Upon unrolling the packet and finding two aluminum foil packets containing substances believed to be narcotics, Villicano formally placed the defendant under arrest and called for a back-up car.

Under these circumstances, we affirm the denial of the suppression motion. "Seizure" of the defendant's arm was not unreasonable, even assuming that it constituted a warrantless arrest. By that time, the details contained in the radio dispatch had been fully corroborated in almost every respect—though such details were apparently supplied by an anonymous informant whose reliability at that time had not been communicated. *United States v. Hernandez*, 486 F.2d 614 (7th Cir. 1973), *cert. den.*, 415 U.S. 959, 94 S.Ct. 1488, 39 L.Ed.2d 574 (1974); *United States v. Foster*, 478 F.2d 1001 (7th Cir. 1973). And, by that time, an experienced police officer had observed in plain view what he believed to be evidence of a crime. *United States v. Davis*, 514 F.2d 1085 (7th Cir. 1975); *Hernandez, supra.* Compare *Whitely v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) and *United States v. Zaragosa*, 516 F.2d 141 (9th Cir. 1975). Also see *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19

L.Ed.2d 1067 (1968). The subsequent inspection of the packet and formal arrest of the defendant were not improper.

Judgment affirmed.