STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
DOMINICK DE LORENZO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 30, 1979—Decided March 8, 1979.

Before Judges Lynch, Crane and Horn.

*Mr. Stanley C. Van Ness*, Public Defender, attorney for appellant (*Mr. Stephen A. Caruso*, Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. John J. Degnan,* Attorney General, attorney for respondent (*Mr. Allan J. Nodes,* Deputy Attorney General, of counsel and on the brief):

The opinion of the court was delivered by

LYNCH, P. J. A. D. (retired; temporarily assigned). Pursuant to a plea bargain defendant pleaded guilty to a charge of possession of marijuana (*N. J. S. A.* 24:21–20(a),(4)) with the State consenting to the dismissal of another count in the indictment which charged defendant with possession with intent to distribute.

## I. The Motion to Suppress

Prior to his plea defendant had moved to suppress certain evidence. The motion was denied. As permitted by *R.* 3:5–7 (d), defendant appeals from the order denying his motion to suppress despite his having pleaded guilty to the count charging possession of marijuana.

The facts giving rise to defendant's motion to suppress were the following.

On January 29, 1977 Patrolman DeNardo of the Bradley Beach Police Department stopped a car driven by defendant for the reason that it bore an expired inspection sticker. Defendant produced a registration certificate which, however, was under the name of another and had expired on June 6, 1976. At the time the officer noticed a white duffel bag on the passenger seat but defendant made no movements toward it. Since the vehicle was unregistered, the officer impounded the car, allowing defendant to drive it to police headquarters. Defendant was not arrested.

Once at headquarters defendant took the duffel bag from the passenger seat and accompanied the officer into the squadroom. The officer wanted to question defendant as to whether the car was stolen and intended to decide whether a summons would be issued to defendant for driving with an expired registration.

Present in the squad room were several other officers. Defendant was seated on a chair. The testimony of the officers was to the effect that defendant appeared to be very nervous and started making several movements toward the duffel bag which was on the floor alongside him. On several occasions he started to bend over and bring the bag between his legs. However, he never actually did so. Officer DeNardo testified that he was "suspicious" that the bag "possibly" contained a weapon.

Officer Seyler, one of those present in the room, testified that defendant never touched the bag. However, the first time defendant reached for the bag the officer walked across the room to move it since he did not know what was in it and he was concerned for his safety. When the officer picked the bag up defendant exclaimed, "Oh, no." The officer then immediately took the bag, unzippered it, and searched it. Inside the bag he discovered a cellophane bag which contained approximately four ounces of marijuana. It was the validity of this search which was sustained by the trial judge in denying defendant's motion to suppress, and which is before us on appeal.

In *Katz v. United States,* 389 *U. S.* 347, 88 *S. Ct.* 507, 19 *L. Ed.* 2d 576 (1967), it was said:

> \* \* \* searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions. [at 357, 88 *S. Ct.* at 514]

There are five judicially recognized exceptions to the general rule. They are: (1) searches incidental to a lawful arrest, *Chimel v. California,* 395 *U. S.* 752, 89 *S. Ct.* 2034, 23 *L. Ed.* 2d 685 (1969); *United States v. Robinson,* 414 *U. S.* 218, 94 *S. Ct.* 467, 38 *L. Ed.* 2d 427 (1974); (2) plain view observations, *Harris v. United States,* 390 *U. S.* 234, 88 *S. Ct.* 992, 19 *L. Ed.* 2d 1067 (1968); *State v. Bell,* 55 *N. J.* 239 (1970); *State v. DeRienzo,* 53 *N. J.* 360 (1969); *State v. O'Herron,* 153 *N. J. Super.* 570 (App. Div. 1977), *cert.* den.

—— U. S. ——, 99 S. Ct. 637, 58 L. Ed. 2d 695 (1978);
(3) searches to which the defendant has consented, *Bumper
v. North Carolina,* 391 U. S. 543, 88 S. Ct. 1788, 20 L. Ed.
2d 797 (1968); *Schneckloth v. Bustamonte,* 412 U. S. 218,
93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); (4) searches for
weapons where reasonable cause exists to stop and frisk a
suspect, *Terry v. Ohio,* 329 U. S. 1, 88 S. Ct. 1868, 20 L. Ed.
2d 889 (1968); *State in the Interest of H. B.,* 75 N. J.
243 (1977); (5) searches conducted under exigent cir-
cumstances, *Maryland Penitentiary v. Hayden,* 387 U. S.
294, 87 S. Ct. 1642, 18 L. Ed. 2d 782. (1967); *Johnson v.
United States,* 333 U. S. 10, 68 S. Ct. 367, 92 L. Ed. 436
(1947); *State v. Allen,* 113 N. J. Super. 245 (App. Div.
1970); *State v. Miller,* 126 N. J. Super. 572 (App. Div.
1974).

The search conducted here was not incidental to a
lawful arrest since there was no arrest. Nor was the search
justified under the plain view or consent doctrines. Neither
was this a search within the "stop and frisk" concept of
*Terry v. Ohio, supra,* since there was no reasonable cause to
believe that defendant was armed. The State did not show
by a preponderance of the evidence that the officers had a
reasonable belief that defendant was armed. *United States
v. Jeffers,* 342 U. S. 48, 72 S. Ct. 93, 96 L. Ed. 59 (1951).
See also, Annotation under *R.* 3:5–7 and cases cited there-
under. The officer's "suspicion" that the duffel bag contained
a weapon because defendant was nervous did not amount to
reasonable cause to believe so. Compare *State v. Kennedy,* 134
N. J. Super. 454 (App. Div. 1975). Further, to invoke the
*Terry* concept the officer would first have to "pat down" the
duffel bag and if, in doing so, he felt an object that could
be a weapon, he would then have had probable cause to
believe there was a weapon in the bag and conduct a full
blown search. See also, *Sibron v. New York,* 392 U. S. 40,
88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968). None of those
circumstances existed here.

There remains the possible exception of existence of "exigent circumstances." The exception is applicable when the search is necessary to prevent disappearance of the suspect or destruction of the object of the search, to search for weapons to protect the safety of an officer or, because of the mobility of a motor vehicle, to prevent its flight. See, e. g., *State v. Hannah,* 125 *N. J. Super.* 290, 294–295 (App. Div. 1973) ; *State v. Smith,* 129 *N. J. Super.* 430 (App. Div. 1974), certif. den. 66 *N. J.* 327 (1974).

Since defendant was in police headquarters in the presence of several officers there could be no reasonable apprehension that defendant or his bag would disappear. If the officers had had a reasonable apprehension that their safety was involved, all they had to do was to take possession of the bag. They then could get the required search warrant. Certainly defendant's comment of "Oh, no," when one officer picked up the bag, cannot reasonably be construed as creating "exigent circumstances."

Finally, several days before the lower court here denied the motion to suppress, the United States Supreme Court decided *United States v. Chadwick,* 433 *U. S.* 1, 97 *S. Ct.* 2476, 53 *L. Ed.* 2d 538 (1977). In *Chadwick* a footlocker was seized from the trunk of a car driven by two persons suspected of transporting drugs. The two men were arrested and the locker tranferred to the Federal Building where it was then opened by agents without first obtaining a warrant. Marijuana was discovered. The trial court suppressed the evidence. The Supreme Court affirmed. It reiterated the right of an officer to search a person pursuant to a custodial arrest if there is a belief the suspect is armed. To protect himself the arresting officer may "conduct a prompt, warrantless 'search of the arrestee's person and the area "within his immediate control" — construing that phrase to mean the area from which he might gain possession of a weapon or destructible evidence.' " *Chadwick* at 14, 97 *S. Ct.* at 2485. Citations omitted. The court went on to repeat that the probable cause standard is relevant to a determination that

a suspect is armed. However, probable cause that a suspect is armed does not give an officer the right to search luggage remote in time from an arrest or where no exigency exists. Moreover, the exigency can be removed by an officer gaining control of the luggage.

> Once law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest. [*Chadwick* at 15, 97 *S. Ct.* at 2485]

In the case at bar, once Seyler took hold of the duffel bag and it was in his exclusive control, it was easily removable to another room for safekeeping. The threat to the officers' lives, if any, was eliminated by removing the bag from defendant's control. Once the duffel bag was removed the officer could obtain a warrant. As the court further noted in *Chadwick*:

> Even though on this record the issuance of a warrant by a judicial officer was reasonably predictable, a line must be drawn. In our view, when no exigency is shown to support the need for an immediate search, the Warrant Clause places the line at the point where the property to be searched comes under the *exclusive dominion of police* authority. [at 15, 97 *S. Ct.* at 2486; emphasis supplied]

The finding of the trial judge that the police had probable cause to believe defendant was armed does not support a search of the zippered closed duffel bag. See also, *State v. Parker*, 153 *N. J. Super.* 481 (App. Div. 1977), where a warrantless search of a zippered satchel in the trunk of a car was constitutionally impermissible "given Chadwick's recognition of the citizen's expectancy of privacy in secured luggage, and absent a valid exception to the warrant requirement." *Parker* at 490.

The order denying defendant's motion to suppress the evidence is reversed and the matter is remanded to the trial court for such proceedings as may be appropriate.

II The question of conditional discharge as a first offender.

█ On appeal defendant also contends that the trial judge precluded him from exercising his right to apply for a conditional discharge as a first offender. Apart from the fact that this issue is raised as plain error, it may be moot if, in light of our reversal of the order denying the motion to suppress, the indictment is not further prosecuted. If the indictment is prosecuted, however, the application for conditional discharge may be renewed under statute (*N. J. S. A.* 24:21–27) if "after disposition of all the charges the defendant stands convicted only of the charge of simple possession." *State v. Battaglia,* 135 *N. J. Super.* 211 (App. Div. 1975). Accord *State v. Sayko,* 71 *N. J.* 8 (1976). However, we leave it for the trial judge to determine whether such application was actually precluded by the terms of the plea bargain.

Reversed and remanded for further proceedings consistent with the opinion. Jurisdiction is not retained.