UNITED STATES of America, Plaintiff,

v.

**ONE 1983 MAZDA RX–7 VIN JM1FB331800715818, Defendant.**

No. 88 C 10642.

United States District Court, N.D. Illinois, E.D.

June 8, 1989.

---

James J. Kubik, Asst. U.S. Atty., for U.S.

Geary W. Kull, Chicago, Ill., for claimant.

### ORDER

NORGLE, District Judge.

Before the court is claimant's, Charles Lamana, motion to suppress certain contraband marijuana, brought pursuant to the Fourth Amendment to the United States Constitution. For the reasons set forth below, the motion is denied.

Claimant's motion, once distilled, asserts that the defendant vehicle, one 1983 Mazda RX–7, was illegally seized, that any search of the defendant vehicle was without probable cause, and that therefore, the contraband marijuana discovered as a result of the search of the defendant vehicle should be suppressed. Plaintiff has responded to claimant's motion with the affidavit of Officer John Szkolka of the Villa Park, Illinois Police Department ("Affidavit") setting forth his version of the circumstances of the claimant's arrest and the seizure and search of the defendant vehicle. Claimant has since verified his motion. Predictably, their two versions disagree. Yet, no hearing is necessary, as claimant has not meet his burden of showing disputed *material* facts. *See In re Searches and Seizures Conducted October 2 and 3, 1980,* 665 F.2d 775, 776 (7th Cir.1981).

### FACTS

The following recitation of the events of the evening of August 8, 1988 is based upon both Officer Szkolka's affidavit and claimant's verified motion. On August 8, 1988 at approximately 11:30 p.m., Officer Szkolka observed the defendant vehicle in the Village of Villa Park "being driven in an erractic manner." Affidavit at ¶ 3. Officer Szkolka instructed the claimant to pull over to the side of the road whereupon Officer Szkolka and claimant both exited their respective vehicles. Officer Szkolka observed that claimant "exhibited characteristics of an intoxicated person" and "detected the odor of alcohol on ... [claimant's] ... breath." Affidavit at ¶ 5. Claimant acknowledges both that Officer Szkolka inquired as to whether he had been drinking and that claimant admitted that he had been. Motion at ¶ 6.

Claimant flunked a field sobriety test and Officer Szkolka placed claimant under arrest for driving under the influence of alcohol. Officer Szkolka next states that, because claimant left the defendant vehicle partially obstructing the roadway, he informed claimant that the defendant vehicle could either be towed or claimant could give Officer Szkolka permission to move the defendant vehicle. Officer Szkolka avers that claimant gave him permission to move the defendant vehicle. Affidavit at ¶ 8. Claimant denies that he consented to Officer Szkolka's moving the defendant vehicle, contending that Officer Szkolka demanded the keys to the defendant vehicle and that claimant acquiesced to Officer Szkolka's authority. Motion at ¶¶ 9, 16.

Immediately upon entering the defendant vehicle, Officer Szkolka asserts that he detected the odor of burning marijuana, looked down and observed a partially burned hand rolled "cigarette" lying in the open ashtray of the defendant vehicle. Affidavit at ¶¶ 9, 10. Claimant denies neither that the telltale odor was present, nor that the "cigarette" was lying in the open ashtray. Officer Szkolka confiscated the "cigarette" as evidence. Officer Szkolka then brought the defendant vehicle in for forfeiture. Claimant contends that the defen-

dant vehicle was never searched in his presence at the scene. Motion at ¶ 11.

Claimant subsequently flunked a breathalyzer test. Although the Affidavit does not state that the "cigarette" when tested was determined to be marijuana, plaintiff's Verified Complaint for Forfeiture alleges that marijuana was being transported or concealed in the defendant vehicle and claimant does not deny that marijuana was present in the vehicle.

## DISCUSSION

Officer Szkolka initially stopped the claimant because the defendant vehicle "was being driven in an erratic manner," an articulable and reasonable suspicion that claimant was intoxicated, justifying the initial seizure of the claimant and the defendant vehicle. *See United States v. Rodriguez–Pando,* 841 F.2d 1014, 1017 (10th Cir.1988) *citing United States v. Sharpe,* 470 U.S. 675, 682, 105 S.Ct. 1568, 1573, 84 L.Ed.2d 605 (1985); *United States v. Hairston,* 439 F.Supp. 515, 516 (N.D.Ill. 1977). Claimant does not deny that probable cause existed to stop the defendant vehicle and arrest claimant for driving under the influence of alcohol.

Officer Szkolka claims he entered the defendant vehicle with claimant's consent. If claimant consented, his motion must be denied. On the other hand, even if claimant did not consent, Officer Szkolka had the right to enter, remove the defendant vehicle from the public way, and secure it against vandalism. *United States v. McCambridge,* 551 F.2d 865, 870 (1st Cir.1977); *citing South Dakota v. Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976). Having arrested claimant for driving while under the influence of alcohol, it would not have been reasonable for Officer Szkolka to allow the claimant to reenter and drive the vehicle.

Claimant next argues that he did not consent to the "search." Claimant further implies, without citing authority, that since the defendant vehicle was searched after he was removed from the scene, the search cannot be justified as incident to claimant's arrest and is not otherwise supported by probable cause. Yet, the contraband marijuana was not discovered as a result of a search, rather it was in "plain view" in the open ashtray. *Texas v. Brown,* 460 U.S. 730, 739, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502 (1983); *Harris v. United States,* 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968) ("[O]bjects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence"). The outcome does not change under claimant's version, which requires the court to assume that the contraband marijuana was not in "plain view" (the ashtray was closed), but was discovered as a result of a search. The odor of burning marijuana that Officer Szkolka smelled immediately upon entering the defendant vehicle provided probable cause for Officer Szkolka to believe that the defendant vehicle contained contraband, justifying an immediate warrantless search of the defendant vehicle. *See Carroll v. United States,* 267 U.S. 132, 149, 45 S.Ct. 280, 284, 69 L.Ed. 543 (1925).

Claimant's motion to suppress is denied. IT IS SO ORDERED.