**UNITED STATES of America, Plaintiff,**

v.

**Frederick Leslie THURSTON, II, Defendant.**

Crim. No. 91–00055–B.

United States District Court, D. Maine.

Oct. 3, 1991.

Elizabeth Woodcock, Asst. U.S. Atty., Bangor, Me., for plaintiff.

Brett Baber, Rudman & Winchell, Bangor, Me., for defendant.

### ORDER AND MEMORANDUM OF OPINION

BRODY, District Judge.

This matter is before the Court on Defendant Frederick Thurston's Motion to Suppress evidence obtained on the night of his arrest, including incriminating statements and a .25 caliber semi-automatic pistol. Defendant is charged as a felon in possession of a firearm and with knowingly making false or fictitious statements in the acquisition of a firearm.[1] A hearing on the motion was held on September 20, 1991. The Defendant's motion is DENIED.

I. Defendant's Motion to Suppress his reply to Sergeant James Willis's question, "Where is the gun?"

Shortly after the Defendant's arrest, but prior to the "protective sweep", Sergeant Willis asked the Defendant, in substance, "Where is the gun?" Thurston allegedly replied that he had thrown it off the Bass Harbor Bridge.

Defendant has moved to suppress his reply, asserting that the interrogation took place without the Officer's having informed him of his rights under *Miranda*. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The Court finds that the threat posed to public safety temporarily suspended the Officer's obligation to give the Defendant a *Miranda* warning.

In *New York v. Quarles*, the Supreme Court held that *Miranda* need not "be applied in all its rigor to a situation in which police officers ask questions reasonably prompted by a concern for public safety." *New York v. Quarles*, 467 U.S. 649, 656, 104 S.Ct. 2626, 2632, 81 L.Ed.2d 550 (1984).

In this case, the police knew that the Defendant purchased a .25 semi-automatic handgun earlier that morning, had already used it to threaten his wife and had been drinking heavily during the day. As the police cruiser approached Thurston's trailer the lights were turned off and it was only after repeated requests to come outside that the lights were turned on and the officers invited in. In addition, at the time Sergeant Willis and Corporal Brown entered the trailer they were unsure whether the Defendant was alone.

The Court is satisfied that the question about the gun's location was asked, at least in part, for the protection of Officer Willis and for that of his fellow officers. Under these circumstances, the Court finds Wil-

1. Defendant was initially arrested and charged in State court with criminal threatening. Thereafter, the United States brought this action.

lis's inquiry, related "to an objectively reasonable need to protect the police ... from any immediate danger associated with the weapon." *United States v. Doe*, 878 F.2d 1546, 1552 (1st Cir.1989) (quoting *New York v. Quarles*, 467 U.S. at 656, n. 8, 104 S.Ct. at 2633, n. 8).

Therefore, the Defendant was not entitled to a *Miranda* warning and the Court will not suppress his statement.

II. Defendant's Motion to Suppress the fruit of the search.

Shortly after placing the Defendant under arrest Sergeant Willis and Corporal Brown went through the trailer to determine whether anyone else was hiding and to look for the gun.

The Defendant claims that any evidence found as a result of this search should be suppressed as the fruit of an illegal search. The Court, however, finds the warrantless search of the Defendant's residence permissible under *either* of two exceptions to the exclusionary rule.

■ The search was permissible under the "protective sweep" doctrine. *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). "A 'protective sweep' is a quick and limited search of a premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory inspection of those places in which a person might be hiding." 494 U.S. at ——, 110 S.Ct. at 1094, 108 L.Ed.2d at 281.

■ The Fourth Amendment does not prohibit a protective sweep "if the searching officer[s] possesses[ ] a reasonable belief based on specific and articulable facts which if taken together with the rational inferences from those facts, reasonably warrant[ed] the officer in believing that the area swept harbored an individual posing a danger to the officer or others." 494 U.S. at ——, 110 S.Ct. at 1095, 108 L.Ed.2d at 282 (quoting *Michigan v. Long*, 463 U.S. 1032, 1049–50, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201 (1983)).

■ Here, the officers went through the trailer motivated, at least in part, by a legitimate concern for their own safety. It

was a small trailer, the Defendant was known to have purchased the weapon with another person, the Defendant was known to have been drinking heavily during the day and had just returned to the trailer, the lights in the trailer were turned off as the police cruiser approached the trailer and the police were invited into the trailer only after their requests for Thurston to come outside were rebuffed.

The officers were attempting to secure their own safety by making sure that there was not another individual hiding in the trailer or waiting in ambush. The search was brief, involved only a cursory inspection, and lasted no longer than necessary to dispel the officer's reasonable suspicion of danger.

Given the circumstances of the arrest the Court finds the officer's beliefs and actions to be reasonable and the scope of the search to be proper.

Having established that Officer Willis was properly in the bedroom when he discovered a bullet lying, in plain view, on the corner of a mattress; the gun and ammunition are admissible under the "plain view" exception to the exclusionary rule. *Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968).

■ (ii). In the alternative, the evidence found during the search is admissible under the "inevitable discovery" rule. Evidence otherwise tainted is admissible, if by a preponderance of the evidence the government can show that given the facts available to the officers prior to the search that a search warrant would have inevitably been sought and the specific article of evidence found. *See, U.S. v. Silvestri*, 790 F.2d 186, 189 (1st Cir.1986).

■ Here, the police had ample evidence to establish probable cause sufficient to obtain a warrant: they had two witnesses who saw the Defendant with a gun, and they knew that the Defendant had recently threatened his wife with a firearm. That such a warrant *would* have been sought is a matter of looking at predictable investigatory techniques. Having found that the gun would have inevitably been discovered

by the police, the Court will not exclude the evidence.

III. Defendant's Motion to Suppress statements made in the police cruiser.

■ While being transported from his residence to jail, the Defendant made several spontaneous statements to Sergeant Willis and Corporal Brown. These statements were made prior to the Defendant having been informed of his rights under *Miranda.*

The Court finds the Defendant's statements to be spontaneous, voluntary, intelligent and not in response to any questions, words or acts on the part of the Officers that were reasonably likely to elicit an incriminating response. *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980).

THEREFORE, IT IS ORDERED that the aforesaid motion be and is hereby denied.