**UNITED STATES of America**

v.

**David L. FISHER, Defendant.**

**Criminal No. 96–22–P–C.**

United States District Court,
D. Maine.

May 24, 1996.

Jonathan R. Chapman, Asst. U.S. Atty., Office of U.S. Attorney, Portland, Maine, for U.S.

Robert M. Napolitano, Portland, Maine, for Defendant.

### *ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS*

GENE CARTER, Chief Judge.

By a two-count indictment, Defendant David L. Fisher was charged with possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and doing so with the use of a firearm, in violation of 18 U.S.C. § 924(c)(1) and (3). Indictment (Docket No. 4). Now before the Court is Defendant's Motion to Suppress Evidence (Docket No. 6). Because the Court concludes that Defendant was not stopped, arrested, searched, or questioned in violation of his constitutional rights, the Court will deny the motion.

### *I. FACTS*

The evidence presented at a suppression hearing reveals the following. On the evening of March 29, 1996; Officer Henry Small of the Portland Police Department while on patrol in his cruiser received a radio transmission from his dispatcher stating that an automobile driven by a black male wearing a dark hat was involved in a high-speed chase with Maine State Police and was last seen in the Woodfords area of Portland. While patrolling on Forest Avenue shortly thereafter, looking for the suspect, Officer Small observed a black male, wearing a dark hat, walking on the sidewalk towards Woodfords

Corner. Officer Small drove his cruiser next to Defendant, and without getting out of the cruiser, Officer Small asked Defendant if he would come over to the car. Defendant did not respond and kept walking.

Officer Small pulled his cruiser ahead of Defendant and got out of the car. When he was within a few feet of Defendant, Officer Small observed that Defendant had a large bag of what appeared to be marijuana in his hand and seemed to be ready to throw it. Officer Small asked Defendant for some identification. Without complying or responding, Defendant began to run away.

After chasing Defendant, Officer Small caught up to him on some railroad tracks, and a fight ensued between them. During the struggle, Defendant punched Officer Small several times and struck him once with a large stick. Officer Small sprayed pepper mace in Defendant's face, and Defendant again attempted to run away. While pursuing Defendant on the tracks, Officer Small observed Defendant throw the bag of marijuana that he previously was holding in his hand.

At the point where the railroad tracks intersect with Revere Street, Officer James Sweatt intercepted, tackled, and handcuffed Defendant. Officer Sweatt then searched Defendant while Officer Small returned to the railroad tracks to search for the bag of marijuana that he had observed Defendant throw. While Defendant was being searched, Sergeant Wentworth arrived. In the course of the search, the officers found cocaine, heroin, and an empty side arm holster on Defendant.

Immediately upon finding the holster, the officers asked Defendant where the gun was located. Defendant did not respond at first and then denied having a gun. Sergeant Wentworth told Defendant that he was in trouble already and that he would be in more trouble if a child found the weapon and hurt someone. Defendant became cooperative and stated that he had dropped the loaded gun near the railroad tracks. Thereafter, Sergeant Wentworth gave Defendant *Miranda* warnings, and Defendant indicated that he understood the warnings given to him. Defendant continued to cooperate with the police and even participated at length in the search for his discarded gun.

## II.  DISCUSSION

Defendant contends that the initial stop and detention were illegal. Defendant further argues that there was no probable cause for the subsequent arrest. Moreover, Defendant contends that his statements were obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court is unpersuaded by all of Defendant's contentions.

■ First, the Court concludes that Officer Small had a reasonable and articulable suspicion to justify his attempt to stop Defendant and question him upon observing him walking on Forest Avenue. In addition to fitting the description of the person involved in a high-speed chase, Defendant was in the vicinity of the last-known location of the suspect within fifteen minutes of the time the suspect had eluded the State Police. Therefore, under the totality of the circumstances, Officer Small had a reasonable and articulable suspicion to justify asking Defendant for identification. *See United States v. Cortez,* 449 U.S. 411, 417–18, 421–22, 101 S.Ct. 690, 694–95, 696–97, 66 L.Ed.2d 621 (1981) (a police officer possessing a particularized and objective suspicion that a person has engaged in criminal activity may conduct a brief investigatory stop); *Terry v. Ohio,* 392 U.S. 1, 19–22, 88 S.Ct. 1868, 1878–80, 20 L.Ed.2d 889 (1968) (marginally intrusive encounters that fall short of arrest require a reasonable and articulable suspicion proportional to the degree of intrusion).

■ Second, the Court concludes that there was probable cause for the arrest of Defendant. Officer Small observed what he reasonably believed to be a bag of marijuana in Defendant's hand, and therefore, he had probable cause to believe that Defendant had violated 21 U.S.C. § 844, 17–A M.R.S.A. § 1106, or 22 M.R.S.A. § 2383. In addition, Officer Small's suspicion that Defendant may have been involved in the high-speed chase, based on Defendant's appearance and location, was buttressed by Defendant's flight when asked for identification. Furthermore,

at the time of arrest, there was also probable cause to arrest Defendant for assaulting a police officer, in violation of 17–A M.R.S.A. § 752–A. Because the officers had probable cause for the arrest, the search of Defendant was justified as incident to a lawful arrest. *See United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973) ("we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment").

■ Third, none of the statements made by Defendant were taken in violation of Defendant's Fifth Amendment rights. The initial questioning of Defendant concerning the whereabouts of his gun was permissible pursuant to the "public safety exception" to *Miranda* articulated in *New York v. Quarles,* 467 U.S. 649, 655–56, 104 S.Ct. 2626, 2631, 81 L.Ed.2d 550 (1984). According to the public safety exception, the police are not required to give *Miranda* warnings before asking "questions reasonably prompted by a concern for the public safety." *Id.* at 656, 104 S.Ct. at 2632; *see also United States v. Knox,* 950 F.2d 516, 519 (8th Cir.1991); *United States v. Edwards,* 885 F.2d 377, 384 & n. 4 (7th Cir.1989); *United States v. Thurston,* 774 F.Supp. 666, 667–68 (D.Me.1991). In this case, it was permissible for the police officers to question Defendant about the absence of the gun because they had a reasonable concern for their own safety and the safety of children who play in the vicinity of where the gun was dropped.

■ Last, the Court concludes that the remainder of the statements made by Defendant are also admissible. Those statements were made after Defendant was advised of his *Miranda* rights. Defendant indicated that he understood the rights, and Defendant voluntarily, knowingly, and intelligently waived those rights. Therefore, the Court concludes that the Government has proved by a preponderance of the evidence that Defendant waived his constitutional rights. *See Colorado v. Connelly,* 479 U.S. 157, 168, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986).

### III. CONCLUSION

Accordingly, it is *ORDERED* that Defendant's Motion to Suppress Evidence be, and it is hereby, *DENIED.*