OPINION
{¶ 1} Defendant-appellant, Jason Reeder, appeals a decision of the Clinton County Court of Common Pleas, overruling his motion to suppress evidence. We affirm the decision of the trial court.
 {¶ 2} On April 14, 2001, Patrolman Corey Pratt of the Wilmington Police Department was on routine duty. Around 5:00 a.m., he observed appellant's vehicle being operated on Doan Street in the city of Wilmington, and recognized the vehicle as appellant's. From a previous contact with appellant a month earlier, Patrolman Pratt believed that appellant's driver's license was under suspension. However, he was unable to immediately recognize the driver of the vehicle.
 {¶ 3} Patrolman Pratt followed the vehicle for a short time and observed no traffic violations or erratic driving. As the vehicle came to a stop and parked on Clark Street, he parked his police cruiser behind it. He observed appellant exit the vehicle and then he exited his vehicle as well. He approached appellant who was by this time standing on the passenger side of the vehicle. Recognizing appellant, Patrolman Pratt asked him to return to his vehicle so that he could determine the status of appellant's driving privileges. Appellant complied with the request and returned to the driver's seat of the vehicle and Patrolman Pratt returned to his police cruiser.
 {¶ 4} Patrolman Pratt contacted dispatch and was informed that appellant had a valid operator's license. As he approached appellant's vehicle to inform him he was free to go, Patrolman Pratt observed appellant reaching furtively into the backseat of the vehicle. Upon shining a light into the backseat, Patrolman Pratt observed an open container of alcohol lying on the floorboard with its contents spilling out.
 {¶ 5} Appellant was then directed by Patrolman Pratt to exit the vehicle and he was placed in the police cruiser. Patrolman Pratt returned to appellant's vehicle to retrieve the alcohol container. While so doing, he observed a plate partially concealed under the passenger seat. The plate held a white, powdery residue drawn in lines, which he believed to be cocaine. The plate and residue was seized along with the alcohol container.
 {¶ 6} Appellant was charged with possession of cocaine and possession of drug paraphernalia. Appellant filed a motion to suppress the evidence seized by Patrolman Platt. The trial court denied the motion. Appellant subsequently pled no contest to the charges, was convicted, and sentenced accordingly. He now appeals, raising a single assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/ APPELLANT WHEN IT OVERRULED THE MOTION TO SUPPRESS FILED ON BEHALF OF DEFENDANT/APPELLANT, AND HEARD ON SEPTEMBER 24, 2001, AS THE INITIAL STOP WAS ILLEGAL AND VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE. 4TH
AND 14TH AMENDMENTS, U.S. CONSTITUTIONS [SIC], ART. I, SEC. 14 OHIO CONSTITUTION."
 {¶ 8} When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the weight of the evidence and the credibility of witnesses. State v. Fanning
(1982), 1 Ohio St.3d 19, 20. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's findings if they are supported by competent, credible evidence, and relies upon the trial court's ability to assess the credibility of witnesses. Statev. McNamara (1997), 124 Ohio App.3d 706, 710. An appellate court, however, reviews de novo whether the trial court applied the appropriate legal standard to the facts. Id.
 {¶ 9} Appellant first contends that Patrolman Pratt lacked reasonable suspicion to detain him.
 {¶ 10} A police officer may perform an investigatory detention without running afoul of the Fourth Amendment if the officer reasonably suspects that an individual is engaged in criminal activity. State v.Andrews (1991), 57 Ohio St.3d 86, 87, citing Terry v. Ohio (1968),392 U.S. 1, 20, 88 S.Ct. 1868, 1879. In order for the stop to be proper, the officer must have had a reasonable suspicion that appellant was engaged in criminal activity. The reasonable suspicion required for a valid investigatory stop is a less stringent requirement than that mandated under a probable cause standard. Alabama v. White (1990),496 U.S. 325, 330, 110 S.Ct. 2412, 2416.
 {¶ 11} At the suppression hearing, Patrolman Pratt testified that he knew appellant from a meeting a month earlier. As a result of this prior contact with appellant, Patrolman Pratt knew that appellant's operator's license had been suspended. While he did not know if appellant's license was suspended at the time of the detention at issue here, he did have a reasonable suspicion that appellant was illegally operating the motor vehicle. Thus appellant's detention, based on Patrolman Pratt's reasonable suspicion of criminal activity, did not violate appellant's Fourth Amendment rights.
 {¶ 12} Appellant next contends that the evidence consisting of the plate and cocaine residue should have been suppressed.
 {¶ 13} As Patrolman Pratt walked toward appellant's vehicle to inform appellant that his operator's license was valid, he observed appellant reaching into the backseat of the vehicle. This movement caused Patrolman Pratt to be suspicious, and he directed his flashlight into the backseat, discovering an open bottle of alcohol in open view. The observation of an open container of alcohol through the window of a parked vehicle, even with the aid of a flashlight, does not constitute a "search" under the Fourth Amendment, as the item is in "open" view for all to see. State v. Lang (1996), 117 Ohio App.3d 29, 34. There can be no reasonable expectation of privacy in such instances. Id. Accordingly Patrolman Pratt's discovery of the open container did not violate appellant's constitutional rights.
 {¶ 14} Patrolman Pratt then placed appellant in custody for an open container violation and entered appellant's vehicle to retrieve the bottle. Once in the car he observed in plain view a plate with a white, powdery residue on it, protruding from beneath the passenger seat. The residue was formed into lines, which Patrolman Pratt associated with lines of cocaine. From this observation, and based on his experience, Patrolman Pratt believed the residue to be cocaine. Patrolman Pratt testified that the residue was readily identifiable as such.
 {¶ 15} It is firmly established that contraband which comes within the plain view of an officer who is rightfully in a position to make such an observation is subject to seizure and constitutes admissible evidence in a criminal trial. Harris v. United States (1968), 390 U.S. 234, 236,88 S.Ct. 992, 993. Such is the case here. Patrolman Pratt, while retrieving the open container of alcohol, discovered the cocaine in plain view. While it was partially concealed under the seat, it was not wholly concealed, and Patrolman Pratt readily recognized the powdery substance on the plate as cocaine.
 {¶ 16} Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.