[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12360
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2011
JOHN LEY
CLERK

D. C. Docket No. 4:08-cr-00046-CDL-GMF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD KIRKWOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 3, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ronald Kirkwood appeals his conviction for possessing a firearm as a

convicted felon.  18 U.S.C. § 922(g)(1).  Kirkwood appeals the denial of his

motion to suppress, the reading of his indictment to the jury, and the sufficiency of the evidence. We affirm.

Kirkwood argues that the district court should have granted his motion to suppress because the affidavit in support of the search warrant failed to provide probable cause to search his property and, alternatively, the evidence was not admissible under the good-faith exception to the exclusionary rule. We conclude that the affidavit provided probable cause for the search, so we need not address Kirkwood's alternative argument.

The affidavit established "a connection between [Kirkwood] and the residence to be searched and a link between the residence and . . . criminal activity." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). The affidavit stated that an anonymous informant had reported that Kirkwood used his residence "only to store money and illegal drugs" and the informant provided details about Kirkwood's home and business and his arrest in Arkansas. An officer was able to verify the personal information about Kirkwood. The affidavit stated that other officers recently had entered Kirkwood's property and observed that the house was being monitored using a surveillance system, there were between 20 and 30 pit bull dogs on the property, bags of garbage were being stockpiled in the garage, and the house appeared to be uninhabited. The officers

had observed from the road what appeared to be a stolen utility trailer and were entitled to enter the property to investigate, see United States v. Taylor, 458 F.3d 1201, 1204 (11th Cir. 2006), and to observe the contents of the house through its unobstructed windows, see Harris v. United States, 390 U.S. 234, 236, 88 S. Ct. 992, 993 (1968). The affidavit also mentioned that Kirkwood had been arrested in another county for possession of marijuana and other illegal drugs. See United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1996) (evidence of prior drug activity corroborates allegations by an informant). The district court did not err by denying Kirkwood's motion to suppress.

Kirkwood next argues that he is entitled to a new trial because the district court read to the jury Kirkwood's indictment stating that in 1995 he had been convicted of possessing heroin with intent to deliver, but this argument fails. Although Kirkwood had stipulated that he was a convicted felon and his earlier offense should not have been disclosed to the jury, the error of mentioning Kirkwood's earlier offense was not "'so highly prejudicial as to be incurable by the trial court's admonition,'" United States v. Trujillo, 146 F.3d 838, 845 (11th Cir. 1998) (quoting United States v. Lozano-Hernandez, 89 F.3d 785, 789 (11th Cir. 1996)). The earlier offense was mentioned once without elaboration and the nature of the offense differed from Kirkwood's charge of possessing a firearm.

3

Kirkwood did not object when the district court read the unredacted indictment to the jury. The district court eradicated any potential error by thrice instructing the jury that the indictment was "just an allegation . . . not proof" and by instructing the jury that "the stipulation and the evidence did not specifically address the specific crime which is alleged in the indictment, so you shall not consider the specific crime that was alleged in the indictment during your deliberations." We presume that the jury complied with these instructions. See United States v. Brazel, 102 F.3d 1120, 1145 (11th Cir.1997). The district court did not abuse its discretion by denying Kirkwood's motion for a new trial.

Kirkwood last argues that the evidence failed to establish that he constructively possessed a firearm, but we disagree. Officers discovered four firearms on Kirkwood's property, including a Marlin .22 caliber rifle inside a bedroom of Kirkwood's house. One of Kirkwood's former employees, Felix Brown, testified that he owned the rifle, but "ownership is not a requirement for possession." United States v. Boffil-Rivera, 607 F.3d 736, 740 (11th Cir. 2010). Brown testified that he had stored the rifle in Kirkwood's shed in 2000 and had not returned to the property since 2002, and Brown could not explain how his rifle had been moved into Kirkwood's house. Because "'[p]ossession may be actual or constructive, joint or sole,'" id. (quoting United States v. Gunn, 369 F.3d 1229,

1234 (11th Cir. 2004)), a reasonable jury could have found that Kirkwood constructively possessed the rifle.

We **AFFIRM** Kirkwood's conviction.