TIM McCORMACK, J., DISSENTING:
 

 {¶ 20} I respectfully dissent.
 

 {¶ 21} I would find that the totality of the circumstances preceding the officer's stop of McQueen shows that the stop was reasonable. An officer can stop an individual for investigative purposes if the officer has "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause."
 
 United States v. Sokolow
 
 ,
 
 490 U.S. 1
 
 , 7,
 
 109 S.Ct. 1581
 
 ,
 
 104 L.Ed.2d 1
 
 (1989), citing
 
 Terry v. Ohio
 
 ,
 
 392 U.S. 1
 
 , 30,
 
 88 S.Ct. 1868
 
 ,
 
 20 L.Ed.2d 889
 
 (1968).
 

 {¶ 22} In determining the reasonableness of Sgt. Neal's stop of McQueen, we must point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant a stop or search.
 
 Terry
 
 at 21,
 
 88 S.Ct. 1868
 
 .
 

 {¶ 23} Sgt. Neal indicated four factors that led to his suspicions regarding McQueen: McQueen's presence in a high crime area, one where a murder had occurred eight days earlier; his notable nervousness upon seeing Sgt. Neal; his wearing a hoodie and a T-shirt over his face in hot weather; and his unprovoked flight from Sgt. Neal. Sgt. Neal stated that, in his experience, people tend to run from police if they have warrants or are in possession of illegal items. He further pointed to his experience performing undercover drug buys where dealers, upon seeing police, would look around for places to dump their contraband. These four specific, articulable facts, taken together with Sgt. Neal's experience as a police officer, were sufficient to provoke reasonable suspicion that justified Sgt. Neal's interaction with McQueen. In light of the foregoing, I would affirm the state's first assignment of error.
 

 {¶ 24} With respect to the state's second assignment of error, I find that the trial court erred in suppressing the firearm when its discovery was permissible according to the plain view doctrine.
 

 {¶ 25} The plain view doctrine holds that "objects falling in the plain view of an
 officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."
 
 Harris v. United States
 
 ,
 
 390 U.S. 234
 
 , 236,
 
 88 S.Ct. 992
 
 ,
 
 19 L.Ed.2d 1067
 
 (1968). Three requirements must be met for the plain view doctrine to apply: (1) the police are not violating the Fourth Amendment in arriving in the place where the evidence was found; (2) the incriminating character of the evidence is "immediately apparent"; and (3) the police have a lawful right to access the object itself.
 
 Horton v. California
 
 ,
 
 496 U.S. 128
 
 , 136-137,
 
 110 S.Ct. 2301
 
 ,
 
 110 L.Ed.2d 112
 
 (1990).
 

 {¶ 26} Here, all three requirements are met. First, the car was parked on a public roadway, alongside a sidewalk. Any person, including Sgt. Neal and Lt. Homerick, had the right to walk on the sidewalk. The firearm was on the front seat of a car, clearly visible to a passerby on the sidewalk through the cars untinted windows. The officers were not violating the Fourth Amendment when they walked along a public street and noticed the firearm on the passenger seat.
 

 {¶ 27} The second requirement is also met because the incriminating nature of the firearm - specifically, the violation of R.C. 2923.16(B) - was immediately apparent. This statute states that "no person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." The fact that no one was in the car when the firearm was discovered is irrelevant here because the firearm was lying on the passenger seat and easily accessible to anyone who would be in the car.
 

 {¶ 28} Finally, the third requirement was also met here. Upon seeing the firearm, Sgt. Neal had probable cause to believe that the vehicle contained evidence of a crime, specifically R.C. 2923.16(B). Therefore, he was permitted to search the vehicle based on this probable cause.
 

 {¶ 29} For these reasons, I would sustain both of the state's assignments of error and reverse the decision of the trial court.